**JAMES L. DRIESSEN**, jd@driessenlaw.com, USB #09473
ATTORNEY FOR PLAINTIFF
305 N 1130 E, LINDON, UT 84042
PHONE (801)796-6924
FAX (801)785-2744

FILED
U.S. DISTRICT COURT

2009 FEB 17 A 11: 05

DISTRICT OF UTAH

BY: _____
     DEPUTY CLERK

# UNITED STATES DISTRICT COURT

District of Utah, Central Division

| | |
|---|---|
| James L. Driessen<br>305 N 1130 E<br>Lindon, UT 84042       Plaintiff<br>V.<br><br>Sony BMG Music Entertainment<br>550 Madison Ave.<br>New York, NY 10022-3211<br>Registered Agent: Corporation Service Co.<br>2711 Centerville Road Suite 400<br>WILMINGTON, DE 19808       Defendant<br><br>Target Corporation<br>1000 Nicollet Mall<br>Minneapolis, MN 55403<br>Registered Agent: CT Corporation System<br>136 East South Temple Ste 2100<br>Salt Lake City, UT 84111       Defendant<br><br>Best Buy Co., Inc.<br>7601 Penn Ave S<br>Richfield, MN 55423<br>Registered Agent: CT Corporation System<br>136 East South Temple Ste 2100<br>Salt Lake City, UT 84111       Defendant<br><br>FYE (a.k.a. "Trans World Entertainment")<br>38 Corporate Cir.<br>Albany, NY 12203<br>Registered Agent: CT Corporation System<br>136 East South Temple Ste 2100<br>Salt Lake City, UT 84111       Defendant | **COMPLAINT IN A CIVIL CASE**<br><br><br><br>CASE NUMBER:<br><br>Case: 2:09cv00140<br>Assigned To : Kimball, Dale A.<br>Assign. Date : 2/17/2009<br>Description: Driessen v. Sony et al |

NOW COMES James L. Driessen, Margurite A. Driessen, Plaintiffs in the above numbered cause and for cause of action against Sony BMG Entertainment, Target Corporations, Best Buy Co. Inc., and FYE. Plaintiffs would show as follows:

I. Parties

1. Plaintiff, James L. Driessen and Marguerite A. Driessen, husband and wife, (hereinafter "Plaintiffs") are individuals with their residence at 305 N 1130 E, Lindon, UT 84042.

2. Defendant, Sony BMG Music Entertainment (hereinafter "Sony BMG") is a Delaware Corporation with its principal place of business at 550 Madison Ave., New York, NY 10022-3211. Sony BMG can be served with process by serving its registered agent for service of process at Corporation Service Co., 2711 Centerville Road Suite 400, Wilmington, DE 198086.

3. Defendant, Target Corporation (hereafter "Target") is a Minnesota Corporation its principal place of business at 1000 Nicollet Mall, Minneapolis, MN 55403. Target can be served with process by serving its registered agent for service of process at CT Corporation System, 136 East South Temple Ste 2100, Salt Lake City, UT 84111.

4. Defendant, Best Buy Co., Inc. (hereafter "Best Buy") is a Minnesota Corporation its principal place of business at 7601 Penn Ave S, Richfield, MN 55423. Best Buy can be served with process by serving its registered agent for service of process at CT Corporation System, 136 East South Temple Ste 2100, Salt Lake City, UT 84111.

5. Defendant FYE, upon information and belief that it is operating as a fully owned and independent subsidiary of Trans World Entertainment (hereafter "FYE") is a New York State Corporation with its principal place of business at 38 Corporate Cir., Albany, NY 12203. FYE can be served with process by serving its registered agent for service of process at CT Corporation System, 136 East South Temple Ste 2100, Salt Lake City, UT 84111.

II. Jurisdiction and Venue

6. This complaint involves claims for patent infringement arising under the patent laws of the United States, Title 38, United States Code and this court has jurisdiction over those claims under 28 U.S.C.A. § 1338 (2005) which directs that District Courts shall have original jurisdiction of any civil action arising under any act of Congress relating to patents.

7. This court has personal jurisdiction over Sony BMG because Sony BMG has advertised and sold infringing products within the boundaries of the Federal District Court of Utah, Central Division of the state of Utah.

8. This court has personal jurisdiction over Target because Target has advertised and sold infringing products within the boundaries of the Federal District Court of Utah, Central Division of the state of Utah.

9. This court has personal jurisdiction over Best Buy because Best Buy has advertised and sold infringing products within the boundaries of the Federal District Court of Utah, Central Division of the state of Utah.

10. This court has personal jurisdiction over FYE because FYE has advertised and sold infringing products within the boundaries of the Federal District Court of Utah, Central Division of the state of Utah.

11. Venue is proper in this district pursuant to 28 U.S.C.A. §§ 1391 and 1400(b).

III. Facts

12. After considerable effort by Plaintiff James L. Driessen, an invention for a new utility called Retail point of sale (RPOS) apparatus for internet merchandising was conceived and reduced to practice. After successfully building and testing the new invention Plaintiff James Driessen (with the monetary support from his wife, Plaintiff Marguerite Driessen) prepared and filed U.S. Patent Application Serial No. 09/630,272, on August 1, 2000 in the U.S. Patent and Trademark Office to protect the new Retail point of sale (RPOS) apparatus for internet merchandising.

13. After a thorough examination by a patent examiner in the U.S. Patent and Trademark Office and a subsequent interview with the examiner, amendment of the claims, and mandatory second examination, the application has been issued by the U.S. Patent and Trademark Office on February 21, 2006 as U.S. Letters Patent No.

7003500 (hereinafter the "3500" patent or just "patent"). A copy of the Issued Patent is attached hereto as **Exhibit A**.

14. After the patent application was filed, but prior to patent issuance, on or about August 9, 2000, Plaintiff James Driessen created and sent out via U.S. postal services an identical "mail merge" form to various parties including BMG Entertainment, Sony Music Entertainment ("SME"), Columbia, EMI, and many others under either the BMG or SME umbrella with a description of the invention and an invitation to license.

15. After the filing of the application, but prior to its issuance, on or about February 21, 2006, Plaintiff wrote another letter to Defendant Sony notifying them that Plaintiff had received a notice of issue and again discussing the "Platinum Music Pass" by inviting Defendants to license under the "Vibme" brand owned by Plaintiffs.

16. After the issuance of the patent and Sony Music Entertainment having joined with BMG Entertainment to form a new Company under the "Sony Group," on or about October 16, 2006, Plaintiff James Driessen wrote to various executives at Sony Group and sought online registration under the Sony Procurement Integrated and Rationalized Internet Trading System ("SPIRITS") user ID: 437832 and password: 669242.

17. After the issuance of the patent, on or about January 15, 2008, Plaintiffs discovered a prototype of a product displayed by Sony BMG, Target, Best Buy, and

FYE named the "Platinum Music Pass ... the new digital music card," specimen attached herein as **Exhibit B**.

18. After examining the prototype of the invention, Plaintiffs determined that it was a copy of its product. On March 17, 2008, Plaintiff, James L. Driessen, sent a letter to Best Buy requesting that they license the invention. Plaintiff also sought business development with Best Buy through their online vendor portal via NewVendorInquiry@BestBuy.com submitting similar information.

19. After examining the prototype of the invention, Plaintiffs determined that it was a copy of its product. On March 17, 2008, Plaintiff, James L. Driessen, sent a letter to Target requesting that they license the invention.

20. After examining the prototype of the invention, Plaintiffs determined that it was a copy of its product. On May 12, 2008, Plaintiff, James L. Driessen, sent a letter to FYE requesting that they license the invention.

21. After receiving correspondence from Sony, Best Buy, Target, and FYE confirming that they had reviewed Plaintiff's letter, Plaintiff found that Defendants had not pulled their infringing products in the US nor did they seek to license.

22. All Defendants continue to market and sell infringing products in the United States.

23. Based upon information and belief that all Defendants have an inventory of infringing products and that they have sold and will continue to sell the product to

distributors and customers across the United States, to include its own distributors, all Defendants are knowingly infringing. In turn, these distributors and customers have resold and/or used the infringing product.

24. Defendants were allowed a copy of the allowed claims of the 3500 patent.

25. The current versions of the Defendant's products continue to infringe the claims of the 3500 patent.

26. Based upon information and belief, All Defendants are manufacturing and/or selling the invention to distributors and customers across the United States and particularly there are at least 7 FYE stores in the State of Utah, 5 Best Buy Stores, and at least 11 Target Stores including cities of Salt Lake City, Centerville, Layton, Orem, Riverdale, Saint George, Fort Union, Sandy (North), Sandy (South), West Jordan, and West Jordan (SW).

IV. Infringement of the 3500 Patent

27. Defendant's acts in manufacturing, selling, offering to sell, and/or using the invention constitute infringement of the 3500 patent and/or induce infringement of the 3500 patent pursuant to 35 U.S.C.A. § 271 (2005).

28. Defendant's acts are deliberate and willful and will continue unless enjoined by this court.

29. As a result of Defendant's acts, Plaintiffs will be damaged in an amount in excess of the jurisdictional limit of this court. Due to the deliberate and willful nature of

Defendant's acts, such damages should be increased to the maximum amount allowed by law including an award of attorney's fees.

V. Demand for Jury Trial

30. Plaintiffs hereby demand trial by a jury.

VI. PRAYER

31. WHEREFORE, Plaintiffs, James L. Driessen and Marguerite A. Driessen, respectfully pray that this court enter judgment against Defendants as follows:

A. Finding that Defendant has infringed Plaintiff's U.S. Letters Patent No. 7003500;

B. That Plaintiffs be awarded damages against Defendants as a result of the acts complained of herein;

C. That Defendant's acts be determined to be willful and as a result, damages be increased to the maximum amount allowed by law to include triple damages according to 35 U.S.C.A. § 284.

D. That Plaintiffs be awarded their attorneys fees and costs;

E. That Plaintiffs be awarded prejudgment and postjudgment interest;

F. That an injunction issue enjoining Defendants, its officers, agents, servants, employees, attorneys, and all of the persons in active concert of participation with it during the pendency of this action and permanently thereafter as follows:

    i. From any and all acts in infringement of the 3500 patent;

ii. Requiring an accounting for profits received by Defendants as a result of the acts complained of herein;

iii. Directing that all items infringing the 3500 patent, complete with their instructions, technical data sheets, and other written literature delivered to Plaintiff for destruction; and

G. For such other and further relief to which Plaintiffs show themselves to be justly entitled.

Respectfully submitted this 17th day of February, 2009

By: _____  By: _____
James L. Driessen, Plaintiff Pro Se          Marguerite A. Driessen, Plaintiff Pro Se