FILED
U.S. DISTRICT COURT

2009 AUG 17 P 12: 13

DISTRICT OF UTAH
BY: _____
DEPUTY CLERK

**JAMES L. DRIESSEN, PRO SE,** jd@driessenlaw.com, **USB #09473**
MARGUERITE A. DRIESSEN, PRO SE, mad@driessenlaw.com
305 N 1130 E, LINDON, UT 84042
PHONE (801)796-6924
FAX (801)785-2744

# UNITED STATES DISTRICT COURT

### District of Utah, Central Division

| | |
|---|---|
| James L. Driessen and Marguerite A Driessen<br>Plaintiffs<br><br>V.<br><br>Sony BMG Music Entertainment et.al.<br>Defendants | PLAINTIFF'S<br>ATTORNEY'S PLANNING<br>MEETING REPORT<br><br>CASE NUMBER: 2:09-cv-00140<br>Judge: Dale A. Kimball |

1. A "DEFENDANT'S ATTORNEY PLANNING MEETING REPORT" version was filed on behalf of Defendants Sony, Best Buy, Target, and FYE on August 14, 2009.

2. Pursuant to the Court Notice and instructions at http://www.utd.uscourts.gov/documents/ipt.html given on 9 July, 2009, Plaintiffs submit this PLAINTIFF'S ATTORNEY PLANNING MEETING REPORT:


3. Though Attorney James Pistorino, for Defendants Sony, Best Buy, and Target and Attorney Brent Hatch, for FYE, have chosen to meet telephonically with each other separately and only individually with James Driessen over telephone and email – agreement was not reached.   Defendant's attorneys had included various descriptions, "understandings" and "attempts." *P.'s Att. Pln. Rprt* 8-14-2009.  While Plaintiff's do not necessarily agree with Defendant's perceptions, Plaintiffs do request that the Intitial Pretrial Conference be held as scheduled on September 9, 2009 at 11:00 AM in Room 477 before Magistrate Judge David Nuffer, as agreement was not reached by the parties.

4. **PRELIMINARY MATTERS:**
    a. The nature of the claims and affirmative defenses
    b. This case is   __X__ not referred to a magistrate judge
                          ____ referred to magistrate judge _____
                                  ____ under 636(b)(1)(A)
                                  ____ under 636(b)(1)(B)
                        ____ assigned to a magistrate judge under General Order 07-001
                        and
                            ____ all parties consent to the assignment for all proceedings or
                            ____ one or more parties request reassignment to a district judge
    c. Pursuant to Fed. R.Civ.P. 26(f), a Defendants agreed to meet individually with each other and individually with James Driessen, for and in behalf of himself and his wife, Plaintiff, Marguerite Driessen.  Those phone calls were held on 8/5/09 with a follow-up between James Pistorino and James Driessen only on 8/10/09 (by phone).
        The following were in attendance:

    James Driessen;

    James Pistorino counsel for Sony BMG, Target, and Best Buy;

    Brent Hatch counsel for F.Y.E.

d.  Plaintiffs [ __X__ request / _____ do not request] an initial pretrial scheduling conference with the court prior to entry of the scheduling order. An initial pretrial scheduling conference is set before Magistrate Judge **David Nuffer** on **9/9/2009 11:00 AM in Room 477**.

e.  The parties _____ have exchanged or __X__ will exchange by 8/29/09 (14 days from Defendant's report) the initial disclosures required by Rule 26(a)(1).

f.  Service of Papers:

i. Plaintiffs are Pro Se litigants. Pursuant to District Of Utah CM/ECF Administrative Procedures Manual, Section I. A. 2, "Parties appearing pro se shall file conventionally absent an order of the Court allowing registration as an efiler." Pursuant to Fed. R. Civ. P. 5(b)(2)(D), Parties agree to receive all items required to be served under Fed.R.Civ.P. 5(a) by either (i) notice of electronic filing, or (ii) e-mail transmission. Such electronic service will constitute service and notice of entry as required by those rules. Any right to service by USPS mail is waived.

ii. The following email addresses shall be the email addresses of record for the parties concerning f(i) above:

For Plaintiffs:

James Driessen: jd@driessenlaw.com

mad@driessenlaw.com

For Defendants:

Sony Music Entertainment, Target, Best Buy have requested the following:

pistorinoj@howrey.com; hockinl@howrey.com; saberl@howrey.com; weyherz@howrey.com; edwardsj@howrey.com; medranoh@howrey.com.

FYE: bhatch@hjdlaw.com

5.  **DISCOVERY PLAN**: The Plaintiff proposes to the court the following discovery plan: *Use separate paragraphs or subparagraphs as necessary if the parties disagree.*

a.  Discovery is necessary in the following subjects: alleged infringement, invalidity, damages, standing/jurisdiction. These are the subjects most likely to obtain information and evidence material to a claim of defense of the parties to this case. Other subjects may arise after discovery commences.

b.  Discovery Phases. (No changes or limitations to the FRCP 26-37)
    *Specify whether discovery will (i) be conducted in phases, or (ii) be limited to or focused upon particular issues. If (ii), specify those issues and whether discovery will be accelerated with regard to any of them and the date(s) on which such early discovery will be completed.*

Defendants Sony, Target and Best Buy propose that the Court adopt the Northern District of California Patent Local Rules to guide discovery and the claim construction process in this case. A copy of the current Rules is attached for the Court's convenience.

Plaintiffs are not prepared to enter into an agreement on "Model Patent Local Rules" at this time and would request historical information from the Court as to which Model Local Patent Rules have been agreed upon by previous parties appearing before the Judge and what Model Rules (if any) are preferred by the Judge.

Plaintiff proposes the following dates would be operative (not according to any Model Local Patent Rules at this time).

| Date | Event |
|---|---|
| 09/23/09: | Infringement Contentions |
| 10/23/09: | Invalidity Contentions |
| 11/23/09: | Exchange of proposed terms for construction |
| 12/14/09: | Exchange of preliminary claim constructions and extrinsic evidence |
| 01/08/10: | Joint Claim Construction and Pre-hearing Statement |
| 02/08/10: | Close of claim construction discovery |
| 02/22/10: | Opening Claim Construction Brief |
| 03/08/10: | Responsive Claim Construction Brief |
| 03/15/10: | Reply Claim Construction Brief |

50 days after Claim Construction Order:   Willfulness disclosures. With respect to communications with experts, the parties agree that draft expert reports or

       attorney communications with experts are not discoverable except solely to the extent relied upon by the expert in forming conclusions.

c. Designate the discovery methods to be used and the limitations to be imposed.

   (1) *For oral exam depositions, (i) specify the maximum number for the plaintiff(s) and the defendant(s), and (ii) indicate the maximum number of hours unless extended by agreement of the parties.*

       Oral Exam Depositions

       Plaintiff(s) __10__

       Defendant(s) __10__

       Maximum no. hrs. per deposition __7__

   (2) *For interrogatories, requests for admissions, and requests for production of documents, specify the maximum number that will be served on any party by any other party.*

       Interrogatories: 25.

       Admissions: no limit.

       Requests for production of documents: no limit.

       (Note: For requests for Admissions that request explanation beyond Admit or Deny, the explanation portion of the request shall be counted as an Interrogatory and subject to the limits specified above.)

   (3) Other discovery methods: *Specify any other methods that will be used and any limitations to which all parties agree.*

d. Discovery of electronically stored information should be handled as follows:

       The Defendants proposed that none of the parties are required to search or maintain copies of electronically stored voice mail and that these materials will not be the subject of discovery.

       Plaintiffs proposed to Defendants that the ability to search and/or maintain copies of electronically stored voice mail is limited and that those materials should not be the subject of discovery unless some other form of discovery would reasonably lead a party to the determination that the materiality for an asserted defense or claim of a party was available through voice records and which were determined to be the only means of ascertaining the sought after discovery.

       Electronically stored documents

      may be produced in native format or in the form of TIFF, or PDF files.

   e.   The parties have agreed to an order regarding claims of privilege or protection as trial preparation material asserted after production, as follows: *Brief description of provisions of proposed order.*

   No agreement at this time

6.   **AMENDMENT OF PLEADINGS AND ADDITION OF PARTIES**:

   a.   The cutoff dates for filing a motion to amend pleadings are:

   Plaintiff(s) _7_/_12_/_10_   Defendant(s) _7_/_12_/_10_

   b.   The cutoff dates for filing a motion to join additional parties are:

   Plaintiff(s) _7_/_12_/_10_   Defendants(s) _7_/_12_/_10_

   ***(NOTE: Establishing cutoff dates for filing motions does not relieve counsel from the requirements of Fed.R.Civ.P. 15(a))***.

7.   **EXPERT REPORTS**:

Reports from experts under Rule 26(a)(2) will be submitted on either the later of 60 days after the claim construction order or:

Plaintiff(s) _12_/_20_/_10_

Defendant(s) _12_/_20_/_10_

Counter reports _1_/_10_/_11_

8.   **OTHER DEADLINES**:

   a.   Discovery cutoff:  Fact _11_/_1_/_10_   Expert _1_/_31_/_11_

   b.   *(optional)* Final date for supplementation of disclosures under Rule 26 (a)(3) and of discovery under Rule 26 (e) ___/___/___

   c.   Deadline for filing dispositive or potentially dispositive motions and Daubert motions is _2_/_28_/_11_.

9.   **ADR/SETTLEMENT**:

*Use separate paragraphs/subparagraphs as necessary if the parties disagree.*

    a.    Defendants have reported that the potential for resolution before trial is: ___
good ___ fair _X_ poor
Plaintiffs would report that the potential for resolution before trial is: _X_ good ___ fair ___ poor

    b.    Defendants have requested this case should be referred to the court's alternative dispute resolution program for arbitration: ___ mediation: ___ neither: _X_
Plaintiffs would reqest that this case should be referred to the court's alternative dispute resolution program for arbitration: _X_ mediation: _X_ neither: ___ pending Defendants voluntarily submitting to such.

    c.    The case should be re-evaluated for settlement/ADR resolution on: *specify date* ___/___/___ (TBD depending on the above)

10. **TRIAL AND PREPARATION FOR TRIAL:**

    a.    The parties should have ___ days after service of final lists of witnesses and exhibits to list objections under Rule 26(a)(3) (if different than 14 days provided by Rule).

    b.    This case should be ready for trial by: *specify date* _7_/_25_/_11_
*Specify type of trial*: X Jury   Bench (Plaintiffs have file Jury Demand along with their initial complaint)

    c.    The estimated length of the trial is: 7 days

Dated this 17th day of August, 2009

By _____*James L. Driessen*_____
For Plaintiffs James L. Driessen and Marguerite A. Driessen, Husband and Wife, Plaintiffs, Pro Se

## CERTIFICATE OF MAILING

I hereby certify that I mailed, postage prepaid, by first class mail, a true and correct copy of the forgoing PLAINTIFF'S ATTORNEY'S PLANNING MEETING REPORT to the following addresses this ___17th___ day of ___August___ 2009.

For Sony, Best Buy, and Target

R. Lee Saber
Zachary J. Weyher
HOWREY LLP
170 South Main Street, Suite 400
Salt Lake City, Utah 84101

For FYE

Brent O. Hatch
Hatch, James, & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101

BY: _____
      James L. Driessen