JAMES L. DRIESSEN, PRO SE, jd@driessenlaw.com, USB #09473
MARGUERITE A. DRIESSEN, PRO SE, mad@driessenlaw.com
305 N 1130 E, LINDON, UT 84042
PHONE (801)796-6924
FAX (801)785-2744

# UNITED STATES DISTRICT COURT

## District of Utah, Central Division

| | |
|---|---|
| James L. Driessen and Marguerite A Driessen<br>Plaintiffs<br><br><br><br><br>V.<br><br>Sony BMG Music Entertainment et.al.<br>Defendants | PLAINTIFFS' DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS<br><br><br><br>CASE NUMBER:  2:09-cv-00140<br>Judge:  Dale A. Kimball |

Pursuant to the scheduling order agreed to by the parties, Plaintiffs provide their

Disclosure of Asserted Claims and Preliminary Infringement Contentions.  A phone call from

Plaintiffs to Judge's staff chambers at around 12:30 PM on September 30, 2009 verbally

obtained a notice of preference for the Judge to receive copies of "patent specific" discovery to

include copies of the following: infringement contentions; invalidity contentions; proposed terms

for claims construction; preliminary claim constructions; joint claim construction statement; and

proposed introductions of extrinsic evidence.  Therefore a copy of this PLAINTIFFS'

DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT

CONTENTIONS is being electronically filed with the Court.

Plaintiffs reserve the right to supplement these Preliminary Infringement Contentions, including the list of accused products and services, based upon further discovery. Further, Plaintiffs may amend or supplement any of these disclosures and contentions in view of any claim construction ruling(s) issued by the Court or any position taken by parties in this action. Plaintiffs, therefore, expressly reserve the right to amend or supplement its identification of asserted claims, accused instrumentalities, and priority dates, as well as its claim charts, based on further investigation and discovery.

I. IDENTIFICATION OF INFRINGED CLAIMS AND ACCUSED INSTRUMENTALITIES

A. United States Patent No. 7,003,500

1. Infringed Claims under 35 U.S.C.A. § 271

*"(a) Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent.*

*(b) Whoever actively induces infringement of a patent shall be liable as an infringer …*

*(c) Whoever offers to sell or sells within the United States or imports into the United States a component of a patented machine, manufacture, combination, or composition, or a material or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer." 35 U.S.C.A. § 271 et. seq.*

Plaintiffs presently contend that Defendants collectively and/or individually through the making, using, offering to sell, and/or selling the Sony Platinum Music Pass, along with its associated services or digital content, infringe claims 1- 4, 7, 10, and 12-15 of U.S. Patent No. 7,003,500 ("the '500 Patent") based on Plaintiffs' understanding of the information currently available to Plaintiffs regarding Sony's Accused Instrumentalities identified below.

2. Accused Instrumentalities

Plaintiffs presently identify the following Sony product as "Accused Instrumentalities" under all applicable subsections of 35 U.S.C. § 271 with respect to the respective asserted claims: all versions of all Sony products based on the Driessen's Retail Point of Sale ("RPOS") apparatus for internet merchandising methods and/or systems, which are made, used, offered for sale, or sold in, or imported into, the United States since the '500 patent issued, such as the "Daughtry" Sony Platinum Music Pass, for example, which was sold at least at FYE, Best Buy, and Target Stores, using the Driessen's RPOS methods.  These Sony Platinum Music Pass products, and all services supporting these products, such as hosting services, training services, help desk support services, implementation and customization professional services, and content services. These identifications are based on a preliminary understanding of information currently available to Plaintiffs, and Plaintiffs reserve the right to supplement these identifications as discovery proceeds.

II. CHART IDENTIFYING CLAIM ELEMENTS IN ACCUSED INSTRUMENTALITIES

Plaintiffs provide a chart, attached as Exhibit A, that identifies where each limitation of each asserted independent and dependent claims is found in representative proof for each of the Accused Instrumentalities. The first column of each chart recites the limitations of the asserted claim verbatim. The second column describes an example of where a corresponding element is found in representative proof for each of the Accused Instrumentalities. These identifications are based on a preliminary understanding of information currently available to Plaintiffs, and Plaintiffs reserve the right to supplement these charts as discovery proceeds.

//

III. LITERAL INFRINGEMENT AND INFRINGEMENT UNDER THE DOCTRINE
OF EQUIVALENTS

Plaintiffs presently contend that the Accused Instrumentalities literally infringe
the asserted claims of the '500 Patent. Nevertheless, with respect to any claim element or
limitation that may be found not to be literally embodied in the Accused Instrumentalities,
Plaintiffs contend in the alternative that the Accused Instrumentalities embody such claim
elements or limitations under the doctrine of equivalents and that any claim element or limitation
not found to be literally met is equivalently met because any difference between the claim
element or limitation and the Accused Instrumentalities is not a substantial difference.
Accordingly, Plaintiffs contend that any asserted claim which the Accused Instrumentalities
are not found to be embodied literally is nevertheless embodied by the Accused Instrumentalities
under the doctrine of equivalents under an operative doctrine of equivalents test, by way of
example, but not limited to, the function-way-result or insubstantial differences tests.  For any
claim element or limitation for which any Defendant (or Defendant controlled entity) claims they
do not individually practice or produce, Plaintiffs contend that Defendants collectively infringe
through either expressed or inherent complicity, or through contributory infringement.

IV. PRIORITY DATES OF THE PLAINTIFFS '500 PATENT

Plaintiffs presently contend that the asserted claims of the '500 Patent are entitled the
priority dates of U.S. provisional application entitled *Access Card for Internet Content
(ACARD)*, filed on Jun. 30, 2000; U.S.

V. DISCLOSURE OF PLAINTIFFS' PRODUCTS/LICENSED PRODUCTS

Based on presently available information and current analysis, Plaintiffs identify the

following Plaintiffs' products (at least as to certain members of the family of products) as

products that practice at least one or more of the asserted claims of the '500 Patent since it issued

on February 21, 2006:

1. Apple iTunes Digital Release Album (reproduction attached)

2. Zondervan (Division of Harper-Collins), Symtio Card (reproduction attached)

3. Walmart MP3 Music Downloads Card (reproduction attached)

Plaintiffs's response is based on information currently known to Plaintiffs and is without

prejudice to Plaintiffs's right to supplement its response during the course of litigation.

VI. DOCUMENT PRODUCTION ACCOMPANYING DISCLOSURE

Plaintiffs are serving concurrently herewith the following document:

United States Patent and Trademark Office Image File Wrapper (IFW) for application

09/630,272 U.S.

Disclosed to you this _____ day of _____, 2009

BY:  /s/ James L. Driessen
        James L. Driessen
        For James L. Driessen and Marguerite A. Driessen, Plaintiffs, Pro Se

CERTIFICATE OF MAILING


I hereby certify that I mailed, postage prepaid, by first class mail, a true and correct copy of PLAINTIFFS' DISCLOSURE OF ASSERTED CLAIMS AND PRELIMINARY INFRINGEMENT CONTENTIONS with Attachments to the following addresses this 30<u>th</u> day of <u>September</u> 2009.

For Sony, Best Buy, and Target

Zachary J. Weyher
Julie Edwards
HOWREY LLP
170 South Main Street, Suite 400
Salt Lake City, Utah 84101

For FYE

Brent O. Hatch
Hatch, James, & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101


BY:  _/s/James L Driessen_____
        James L. Driessen

# EXHIBIT A
# CLAIMS MAPPING

| Independent Claim Limitation | Accused System |
|---|---|
| (Claim 1) A payment system for itemized Internet merchandise or itemized downloadable media material objects, comprising: | Platinum Music Pass is a system for merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a retail point of sale establishment | Yes<br>The "Daughtry" Platinum Music Pass is sold at retail by defendants collectively and/or individually.  For example, FYE, Best Buy, and Target have retail point of sale establishments where the accused System is sold. |
| a customer access point at said retail point of sale establishment; | Yes<br>FYE, Best Buy, and Target stores contain and use cashier checkout lines for sale of at least the "Daughtry" Platinum Music Pass, which checkout is a kiosk, cashier's station, cash register, self-check out, self-service, or other means of customer interaction with said retail point of sale establishment. |
| URL information that is an Internet transaction location of said itemized Internet merchandise or itemized downloadable media material objects | Yes<br>As a representative accused system, the "Daughtry" Platinum Music Pass (copy attached) which is a card and detachable card which list the following in writing on the back side:<br>a) "To download your content, go to www.musicpass.com" ;<br>b) "This card is only redeemable at www.musicpass.com" ; and<br>c) "Redeem at www.musicpass.com<br>which is a URL and the fulfillment website for the itemized music downloads also listed in writing on the back side. |
| means for accepting payment through an in person transaction with a customer wherein said payment is designated for purchase of said itemized Internet merchandise or itemized downloadable media material objects; | Yes<br>Defendants Best Buy, FYE, and Target operate retail stores where in-person transactions are conducted at checkout stands with customers, where at the checkout stand, the Platinum Music Pass is identified electronically and/or manually as the designated itemized medium of purchase and Retailer receives and thereby accepts payment from customer (in-person) at the store. |
| means for storing and retrieving a record on or in a physical medium corresponding to said URL information that is an Internet transaction location of said itemized Internet merchandise or itemized downloadable media material objects; | Yes<br>A written record of the URL information found on the "Daughtry" Platinum Music Pass, which is a physical medium (copy attached), corresponds to the actual URL which is the website for redeeming the itemized music which are electronic sell through (EST) downloadable media material objects.  Additionally each Platinum Music Pass contains a barcode on the paper card, a barcode on the plastic card, and a scratch off code which may also serve as a recording to divine the URL transaction information. |
| means for transfer of said physical medium from said retail point of sale establishment to said customer; | Yes<br>The "Daughtry" platinum music pass card stored on a shelf, is picked up by a customer off the store shelf, and thereby transferred physically into the hand of the customer where upon purchase; the customer can remove from the retail store. |
| and means for Internet transaction authorization on, in, or actuated from said physical medium wherein ownership rights in said itemized Internet merchandise or itemized downloadable media material objects are preselected and transferred to said customer through said transfer of said physical medium. | Yes<br>Purchasers of the "Daughtry" Platinum music pass are granted authorization delivered to the customer on the physical medium. The authorization code for specific and preselected music download is entered  online for the customer's claiming or downloading of the Electronic Sell Through ("EST") media. |
| CUMMULATIVE | Yes |

| Dependent Claim Limitation | Accused System |
|---|---|
| (Claim 2) The payment system of claim 1, wherein the retail point of sale establishment further comprises: | Platinum Music Pass is a system for merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a retail store, convenience store, vending machine, parking lot, hallway, lobby, or other physical place to conduct business. | Yes<br>FYE, Best Buy, and Target sell the "Daughtry" have retail point of sale establishments which are a retail store, convenience store, vending machine, parking lot, hallway, lobby, or other physical place where the accused System is sold and which is a place to conduct business. |

| Dependent Claim Limitation | Accused System |
|---|---|
| (Claim 3) The payment system of claim 1, wherein said customer access point at retail point of sale establishment, further comprises: | Platinum Music Pass is a system for merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a checkout, kiosk, cashier's station, cash register, self-check out, self-service, or other means of customer interaction with said retail point of sale establishment. | Yes<br>FYE, Best Buy, and Target stores contain a payment location for at least the "Daughtry" Platinum Music Pass which is a checkout, kiosk, cashier's station, cash register, self-check out, self-service, or other means of customer interaction with said retail point of sale establishment. |

| Dependent Claim Limitation | Accused System |
|---|---|
| (Claim 4) The payment system of claim 1, wherein said means for storing and retrieving a record further comprises: | Platinum Music Pass is a system for merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| writing, inscribing, programming, or otherwise placing access information on a card, computer diskette, or | Yes<br>The "Daughtry" Platinum Music Pass contains writing, inscribing, programming, or access information on a card such as but not limited to the writing "To download your content, go to www.musicpass.com." |
| Other physical means of recordation without requiring access to a public computer network (Internet) during the recording process whether or not access is actually made. | Yes<br>The "Daughtry" Platinum Music Pass also contains other physical means of recording information |

| Dependent Claim Limitation | Accused System |
|---|---|
| (Claim 7) The payment system of claim 1 wherein said payment further comprises | Platinum Music Pass is a system for merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a price wherein said price is at least zero comprising a free sample or any positive amount of payment from said customer to said retail point of sale establishment. | Yes<br>FYE, Best Buy, and Target sell the "Daughtry" Platinum Music Pass to customers for a price which is at least zero comprising a free sample or any positive payment amount. |

| Independent Claim Limitation | Accused Method |
|---|---|
| (Claim 10) A method of merchandise transfer on a computer network comprising at least one buyer computer on a network for operation by a user desiring to buy at least one product and at least one selling computer on said network operating for a purpose to sell said product, the method comprising the steps of: | Platinum Music Pass is a method of merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| creating specific information that is a transaction location of said product | Yes<br>The "Daughtry" Platinum Music Pass has an online specific transaction location at www.musicpass.com |
| said product comprising networked merchandise or downloadable media material objects represented on said selling computer | Yes<br>When a customer accesses the www.musicpass.com website to download the "Daughtry" album and "Bonus Material" sold as Electronic Sell Through ("EST") music as the selling product on the selling computer, customer will see the "Daughtry" album represented as a media material object (music album). |
| specifying a price wherein said price is specific to said product on said selling computer; | Yes<br>The "Daughtry" album is a specific EST with a specific price of $12.99 printed on the card. |
| receiving payment of said price through an in person transaction with said user at a retail point of sale location | Yes<br>Retailer receives payment from customer (in-person) at the Best Buy, Target, and/or FYE store. |
| wherein said payment amount is associated to said product; | Yes<br>The Platinum Music Pass will be listed on the customer receipt printed at the checkout as associated to a payment amount. |
| sending a payment message as a response to said in person transaction either directly or through other computers on said network to said selling computer on said network; | Yes<br>Defendants FYE, Target, and Best Buy stores are equipped with computer I/O interfaces at the checkout with at least one programmable device presently or subsequently connected to a network. When a Customer who purchased the "Daughtry" Platinum Music Pass logs onto www.musicpass.com and enters a code, the "Daughtry album shows having already been paid for.  If the customer did not pay (i.e. stole the card from the store) the album would not show having been paid for even if the thief entered the correct code from the card. Therefore at least one data bit must have been transferred as a response to the in store purchase either directly or through other computer devices, at least one of which is on a network. |
| causing an authorization message to be created on said selling computer in or as a result of said payment message | Yes<br>At the point of entering the correct scratch off code from the back of the card, the code is recognized.  Therefore, the selling computer must have received at least one data bit either directly or indirectly and the download of the "Daughtry" album must have been authorized at any time between the purchase and customer's claiming or downloading of the Electronic Sell Through ("EST"). |
| that comprises at least said specification of said product and authentication based on cryptographic key(s), | Yes<br>When a customer logs into www.musicpass.com, the customer browser window will indicate that an encrypted secure socket layer (SSL) is being used for the customer to request the specified product.  A least one electronic data entry relates to the specific Electronic Sell Through ("EST") over a secure socket layer or other encrypted network protocol at musicpass.com |
| said selling computer being programmed to receive said authorization message for verification of said authentication; | Yes<br>SSL or equivalent encryption is used (indicated, for example on MS Internet Explorer as a representative browser, by small "padlock" icon appearing on the "status" bar when displayed indicating that the connection is secured. |
| causing selling computer, as a result of said selling computer being programmed, to ensure that said authorization message was created using said cryptographic key(s); | Yes<br>SSL or equivalent used |

| | |
|---|---|
| causing transfer of ownership rights in said product to said user desiring to buy said product | Yes<br>Customer owns the card and can give it away as indicated on the musicpass.com website, "music pass – great to collect and to give – music pass makes a perfect gift." |
| by granting access or rights to said user on said buyer computer | Yes<br>Customer is allowed access or rights to download and to listen to "Daughtry" album which is downloaded DRM free and will play on a music player on the buyer computer and/or buyer's computer device. |
| either directly or through other computers on said network, as a result of said authorization message on said selling computer | Yes<br>at any time between the swipe (or other electronic data entry) and the customer's downloading, at least one electronic data entry is created on at least one networked computer that authorizes the download. |
| **CUMMULATIVE** | **Yes** |


| Dependent Claim Limitation | Accused Method |
|---|---|
| (Claim 12) The method of merchandise transfer on a computer network in claim 10, wherein said specific information that is a transaction location of said product further comprises | Platinum Music Pass is a method of merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a Uniform Resource Locator (URL). | Yes<br>The "Daughtry" Platinum Music Pass has an online specific transaction location at www.musicpass.com |


| Dependent Claim Limitation | Accused Method |
|---|---|
| (Claim 13) The method of merchandise transfer on a computer network in claim 10, wherein said specifying a price wherein said price is specific to said product on said selling computer, further comprises | Platinum Music Pass is a method of merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a price set to at least zero, comprising a price of free or any positive amount. | Yes<br>The "Daughtry" Platinum Music Pass has a price printed on the placard of $12.99 which is at least zero or any positive amount |


| Dependent Claim Limitation | Accused Method |
|---|---|
| (Claim 14) The method of merchandise transfer on a computer network in claim 10, wherein said in person transaction at a retail point of sale location further comprises | Platinum Music Pass is a method of merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| Selling a prepaid card wherein said prepaid card is also specific to said product. | Yes<br>The "Daughtry" Platinum Music Pass is specific to the Daughtry album product and it is a prepaid card as evinced by "powered by fastcard" printing on the card for which the company InComm claims "Fastcard technology has defined the evolution of the prepaid marketplace." |

| Dependent Claim Limitation | Accused Method |
|---|---|
| (Claim 15) 15. The method of merchandise transfer on a computer network in claim 10, wherein said retail point of sale location further comprises | Platinum Music Pass is a method of merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a retail store, convenience store, vending machine, parking lot, hallway, lobby, or other physical place to conduct business. | Yes<br>The "Daughtry" Platinum Music Pass is sold at least at Best Buy, target, and FYE which are among the group retail store, convenience store, vending machine, parking lot, hallway, lobby, or other physical place to conduct business |

# EXHIBIT B

# ACCUSED INSTRUMENTALITIES





# Daughtry
DAUGHTRY

1  It's Not Over
2  Used To
3  Home
4  Over You
5  Crashed
6  Feels Like Tonight
7  What I Want
8  Breakdown
9  Gone
10  There And Back Again
11  All These Lives
12  What About Now

**BONUS MATERIAL:**
Sorry (audio)
Home (Acoustic) (audio)
Crashed (Acoustic ) (audio)
Digital Booklet

To download your content, go to **www.musicpass.com** and enter the code on the back of your card.

This card is redeemable only at www.musicpass.com.
No value until activated at register.

**Minimum System Requirements:**
•  MP3 capable music player
•  Internet Browser:
   Internet Explorer 6 or higher,
   Safari 2 or higher,
   Firefox 2 or higher

**TERMS AND CONDITIONS:**
We reserve the right to change the content available on the site for that of greater or equal value. The card may be returned before the package has been opened. The card will not be replaced if lost or stolen. Content downloaded from MusicPass is for personal lawful use only.

WWW.MUSICPASS.COM

PLATINUM
musicpass

99697201960 © 2006 19 Recordings Limited, under exclusive license to RCA Records, a unit of SONY BMG MUSIC ENTERTAINMENT.







EXHIBIT C
PLAINTIFFS' PRODUCTS/LICENSED
PRODUCTS







  MP3 Music Downloads

# RIHANNA

DOWNLOAD THE ENTIRE ALBUM:
Umbrella - feat. Jay-Z • Push Up On Me • Don't Stop The Music •
Breakin' Dishes • Shut Up And Drive • Hate That I Love You -
feat. Ne-Yo • Say It • Sell Me Candy • Lemme Get That • Rehab •
Question Existing • Good Girl Gone Bad • Disturbia •
Take A Bow • If I Never See Your Face Again - Maroon 5
feat. Rihanna

**To redeem your digital music prepaid card:**
1. Go to http://mp3.walmart.com/card
2. Enter your case sensitive claim code and click the redeem button.
3. Follow the instructions on the page.

Prepaid cards purchased at a retail store location have no value until
activated at the register.

**Terms and Conditions**  Offer must be downloaded in the U.S. and is only
available to persons aged 13 and older. Individuals 13-18 years old must be under
the supervision of a parent or legal guardian. Walmart MP3 Music Downloads
requires Windows 2000, XP or Vista, Macintosh OSX, or Linux; Internet Explorer,
Firefox, or Safari. For more detailed requirements, visit http://mp3.walmart.com/card.



Fastcard® is a registered trademark of InComm® Patent Pending.

SCRATCH OFF GENTLY WITH COIN

**1604190561**



 **ZONDERVAN**°

scratch for PIN

*Becoming a Contagious Christian*

In *Becoming a Contagious Christian*, Bill Hybels and Mark Mittelberg will help you discover your own natural style of communicating your faith, show how to develop a contagious Christian character, and give you confidence that God can use you to impact your friends' lives as co-author Bill Hybels reads this audio download edition of the Silver Medallion Award-winning book.

**Bill Hybels** is the founding and senior pastor of Willow Creek Community Church in South Barrington, Illinois. Hybels has authored over 20 books, including *Fit to Be Tied* and *Courageous Leadership*.

**Approximate length: 2:00 hr.**

**Reader: Bill Hybels**

DOWNLOAD INSTRUCTIONS:
1.
2.
3.
4.

TERMS AND CONDITIONS: Card redeemable only at www.symtio.com. Downloading is subject to prior acceptance of usage terms. Compatible hardware, software and internet access (fees may apply) required. As of August 1, 2008, content is available in the following format: MP3. Check website for additional formats. No refunds or exchanges allowed. Card may not be used to purchase any other merchandise.  Symtio™ is not responsible for any lost or stolen cards or use without the owner's permission. Void where prohibited. Not for resale. Subject to full terms and conditions, see www.symtio.com. Taxes may apply in certain states. Content purchased from Symtio™ is for personal lawful use only. Symtio™ is a trademark of The Zondervan Corporation. All rights reserved.

Cards purchased at a retail store location have no value until activated at the sales register.

**USD $14.99**/CAD $18.99

ISBN 978-0-310-xxxxx-x

5 1 4 9 9

9 780310 908005

 **symti** 

 **SCART**™ by v&me