**JAMES L. DRIESSEN, PRO SE, jd@driessenlaw.com, USB #09473**
MARGUERITE A. DRIESSEN, PRO SE, mad@driessenlaw.com
305 N 1130 E, LINDON, UT 84042
PHONE (801)796-6924
FAX (801)785-2744

# UNITED STATES DISTRICT COURT

District of Utah, Central Division

| | |
|---|---|
| James L. Driessen and Marguerite A Driessen<br>Plaintiffs<br><br>V.<br><br>Sony BMG Music Entertainment et.al.<br>Defendants | PLAINTIFFS' DISCLOSURE OF PRELIMINARY CLAIM CONSTRUCTION AND EXTRINSIC EVIDENCE<br><br><br>CASE NUMBER:  2:09-cv-00140<br>Judge:  Dale A. Kimball |

Pursuant to the scheduling order agreed to by the parties, Plaintiffs provide their PLAINTIFFS' DISCLOSURE OF PRELIMINARY CLAIM CONSTRUCTION AND EXTRINSIC EVIDENCE, a copy of which is being electronically filed with the Court.  Plaintiffs presently contend that Defendants infringe claims 1- 4, 7, 10, and 12-15 of U.S. Patent No. 7,003,500 ("the '500 Patent"). Elements of claims 1-4 and claim 7 may invoke the 6th paragraph of 35 USC 112 interpretations for claim construction.

**Each Term, Phrase, or Clause Which the Parties Have Collectively Indentified**

James Driessen, on behalf of himself and his wife, conferred with Attorney James Pistorino, on behalf of all Defendants.  The Parties met via telephone conference to discuss previously disclosed proposed terms for construction.  Full agreement could not be reached.

*<u>Identified Terms for Construction Purposes</u>*

Plaintiffs seek to have construction of individual claim terms for ordinary and accustomed meaning – prior to the considering of any groupings, phrases, or clauses.

On the other hand, Defendants wish to skip directly to the construction of specific phrases and clauses with their seemingly "multiple instrumentalities" approach to construction of the claims.

Plaintiffs contend, however, that there is only one accused "instrument*ality*" of infringement (in this case, the means or agency that puts the accused methods or systems into a state of "instrument*ally*"[1] infringing) – namely the "Sony Platinum Music Pass." Prosecution history will show that to preserve intact, the system or methods that the '500 patent claimed, the very nature of this purely business sales system and method[2] produced a single "voucher" or "control" of the retail sales system or operation. *U.S. Patent 7,003,500 B1, Col. 1 line 63, 64, 65, 67; Col. 3 line 58; Col. 4 line 36, 37, 41; Col. 5 line 15, 22.*

Likewise, the alleged infringing instrumentality, the "Sony Platinum Music Pass," cannot preserve its own system or functionality without the specific retail sales systems and operations for which its instrumentality was designed to accomplish. Directly following the "voucher" directed "in-person" "retail" "sale" of a "pre-determined" "online" "itemized" "sale"

---

[1] : the means or agency which creates a quality or state of being instrumental. See also *Merriam-Webster's Collegiate Dictionary (Hardcover)*, Merriam-Webster; 10th Edition; ISBN-10: 0877797099 (1998)

[2] A purely business system or method claim differs from a computer related program or logic claim. Patent laws do not limit business model patents to computer programs or code. Purely business methods and systems claims necessarily involve "commerce." The patent office has long been granting patents on business methods and payment systems that can be practiced with simple devices, such as printed business forms, coupon bond forms, and restaurant menus. See *Waring v. Johnson*, 6 F. 500, 502 (S.D.N.Y. 1881); *Safeguard Account Co. v. Wellington*, 86 F. 146, 147 (D. Mass. 1898); *Benjamin Menu Card Co. v. Rand, McNally & Co. et al.*, 210 F. 285, 286 (N.D. Ill. 1894).

embodiment[3] as disclosed in the '500 patent, the "Sony Platinum Music Pass" is the same type of single instrumentality which was exactly covered by those claims.

Plaintiffs' reasoning for individual word construction is that particular single words do not always have the same job (for example, some usages of a particular word may express action while other uses of that same word may express a thing). Courts could reason that to give a word its ordinary and accustomed meaning would simply indicate *no* construction for legal purposes. However, like the construction of a house, each word of the claim has its own job; therefore, individual claim words are also like the building blocks of the language to be construed in any phrases or clauses.

Plaintiff, inventor, worked to build a sentence along with the Examiner to ultimately arrive at an agreement upon what job those words had in describing the patentable subject matter. Those individual words each deserve a particular meaning within that proposed job because many words can be categorized according to multiple types or classes. These classes are called "parts of speech" which help us to analyze sentences and understand them. It also helps the legal system to properly construct claims. (compare for single word construction: *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1348 (Fed. Cir. 2001); *Amazon.com v. BarnesandNoble.com* 239 F.3d 1343, 1357 (Fed. Cir. 2001); *Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005); *Medrad Inc. v. MRI Devices Corp.*, 401 F.3d 1313, 74 USPQ2d 1184, 1188-89 (Fed. Cir. 2005)).

"The court generally 'must presume that the terms in the claim mean what they say' and 'give full effect to the ordinary and accustomed meaning of the claim terms.' However, the

---

[3] e.g. *U.S. Patent 7,003,500 B1, Col. 3 line 46; Col. 4 line 16;Col. 5 line 7,26-28, 43-48;Col. 9 line 23-27*. Other embodiments may also apply.

'intrinsic evidence' must still be examined 'to determine whether the patentee has set forth an explicit definition of a term contrary to its ordinary meaning, has disclaimed subject matter, or has otherwise limited the scope of the claims.'" *Simmons, Inc. v. Bombardier, Inc.*, 328 F.Supp.2d 1188 (Utah Northern, 2004) quoting from *Day Intern., Inc. v. Reeves Brothers, Inc.*, 260 F.3d 1343, 1348 (Fed.Cir.2001). "[I]n in all circumstances, extrinsic evidence is 'less significant than the intrinsic record, (quotations omitted), and is 'unlikely to result in a reliable interpretation of patent claim scope unless considered in the context of the intrinsic evidence …'" *International Automated Systems v. Digital Persona*, 565 F.Supp.2d 1276 (Utah Central, 2008) quoting from *Phillips v. AWH Corp.*, 415 F.3d 1303 at 1317 (Fed. Cir. 2005).

The table of proposed ordinary and accustomed meanings as disclosed to you on November 23, 2009 is again submitted below as the terms indentified for construction purposes.

| **Claim Term(s)** | **Proposed Construction** |
| --- | --- |
| customer | entity that purchases a commodity or service |
| access | permission, liberty, or ability to enter, approach, or pass to and from a place or to approach or communicate with a person or thing. |
| point | a particular place or locality |
| at | presence or occurrence in, on, or near |
| retail | the industry of selling of commodities or goods in small quantities to ultimate consumers. |
| of | word to indicate relationship between a result determined by a function or operation and a basic entity or to indicate something from which a person or thing is delivered |
| sale (selling) | the act of transferring property from one person to another for a price |
| establishment | a public or private institution or place of business or residence that may include its furnishings and staff |
| URL | the address of a resource (as a document or Web site) on the Internet that consists of a communications protocol followed by the name or address of a computer on the network and that often includes additional locating information (as directory and file names)—called also |

|  | uniform resource locator, universal resource locator |
|---|---|
| information | the communication or reception of knowledge or intelligence through a signal or character (as in a communication system or computer) representing data |
| that | the one : the thing : the kind : something, anything |
| is | present singular of "be." |
| an | one or more |
| Internet | an electronic communications network that connects communication devices, computers, networks, or organizational computer facilities around the world |
| transaction | something transacted; especially an exchange or transfer of goods, services, or funds such as electronic transactions |
| location | a position or site occupied or available for occupancy |
| said | Aforementioned |
| itemized | to set down in detail or by particulars : list |
| merchandise | the commodities or goods that are bought and sold in business : wares |
| or | an alternative <coffee or tea> <sink or swim>, the equivalent or substitutive character of two words or phrases <lessen or abate>, or approximation or uncertainty <in five or six days> |
| downloadable | able to transfer as data or files from one computer to the memory of another device (such as a another computer) |
| media material objects | the physical object or space in which a copyrighted work is embodied such as a book, manuscript, tape, disk, compact disk, DVD, hard disk space, memory stick, etc. – the copyright ownership and ownership of the material object in which the copyrighted work is embodied are two entirely separate legal entities. |
| means for | invokes 6th paragraph of 35 USC 112 interpretation |
| accepting | to receive willingly by being able or designed to take or hold (something applied or added) |
| payment | the act of paying something or the something that is paid. |
| through | to indicate means, agency, or intermediacy such as by means of, by the agency of, because of, or by common descent from or relationship with. |
| in person | in the bodily appearance of one or more human beings |
| with | to indicate a participant in an action, transaction, or arrangement |
| a | one or more |
| customer | entity that purchases a commodity or service |
| wherein | in which, where, during which, or in what way |

|  | "wherein" does *not* modify claim elements in a way to disturb preamble recitation of "comprising" See Notes on Preamble above, citing *Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1348 (Fed. Cir. 2001) |
|---|---|
| designated | to indicate, set apart, or distinguish for a specific purpose |
| for | as being or constituting or indicating an actual or implied enumeration or selection |
| purchase | to obtain by paying money or its equivalent (to buy) |
| storing | to place or leave in a location (as a warehouse, library, or computer memory) for preservation or later use or disposal |
| retrieving | to get and bring back; especially to recover (as information) from storage |
| record(ing) | to set down in writing or as sound, visual images, or data to be registered on something (as a disc or magnetic tape) in reproducible form. |
| on | to indicate position in contact with or supported by the surface of. |
| in | to indicate inclusion, location, or position within limits |
| physical | having material existence or perceptible especially through the senses and subject to the laws of nature. |
| medium | something (such as a paper, card, or magnetic disk) on which information may be stored |
| corresponding | to be in conformity with, agreement with or matched to. |
| to | to indicate addition, attachment, connection, belonging, possession, accompaniment, or response |
| transfer | to convey, move, shift, or cause to pass from one person, place, or situation to another |
| authorization | the act of establishing as if by a person or entity in power to influence or command |
| actuated | to put or move into action or motion |
| from | to indicate the source, cause, agent, or basis |
| ownership | the state, relation, or fact of – having or holding something as tangible or intangible property |
| rights | qualities of adherence to lawful authority that constitutes propriety or merit to which one has a just claim or to which one is justly entitled |
| preselected | to choose in advance usually on the basis of a particular criterion |
| transfer(red) | to convey or cause to pass from one person, place, or situation to another |
| through | to indicate means, agency, or intermediacy by means of, |

|  | by the agency of, because of, or by common descent from or relationship with. |
|---|---|
| store | 1. to place or leave in a location (as a warehouse, library, or computer memory) for preservation or later use or disposal.<br>2. a business establishment where usually diversified goods are kept for retail sale |
| convenience store | a small often franchised market that is open long hours |
| vending machine | a coin-operated machine for selling merchandise |
| parking lot | an area used for the parking of motor vehicles |
| hallway | an entrance hall or corridor |
| lobby | a corridor or hall connected with a larger room or series of rooms and used as a passageway or waiting room |
| place | physical environment: space |
| conduct | to convey in a channel or act as a medium for conveying or transmitting |
| business | commercial or mercantile activity engaged in as a means of livelihood: trade |
| checkout | a counter or area in a store where goods are checked out |
| kiosk | a small structure with one or more open sides that is used to vend merchandise that may or may not have connection to a computer network |
| cashier's station | the place or position in which something or someone stands or is assigned to stand or remain where moneys are received and expended or collected and recorded |
| self-check out | A counter or area in a store where goods are checked out through self service mechanisms |
| interaction | mutual or reciprocal action or influence |
| writing | to scratch, draw, inscribe or form as characters or symbols on a surface |
| inscribing | to write, engrave, or print as a lasting record |
| program (ed) (ing) | to code in a predetermined logic, behavior, or operation |
| card | a flat stiff usually small and rectangular piece of material (as paper, cardboard, or plastic) usually bearing information |
| diskette | floppy disk, CD, DVD, or other object capable of containing data |
| recordation | the action or process of recording |
| requiring | to claim, impose, or ask for by right or authority which is suitable, appropriate, necessary, or essential |
| public | exposed to general view : open |
| computer | a programmable usually electronic device that can store, retrieve, or process data |

| | |
|---|---|
| network(ed) | an interconnected or interrelated chain, group, or system such as a system of computers, peripherals, terminals, and databases connected by communications lines |
| during | At a point in the course of or throughout the duration |
| process | a phenomenon marked by gradual changes that lead toward a particular result or series of actions or operations conducing to an end |
| whether | correlative *or* or *with* to indicate alternative conditions or possibilities |
| not | a logical operator that produces a statement that is the inverse of an input statement |
| actually | in act or in fact: really |
| made | to cause to happen, be experienced by, to exist, occur, or appear |
| price | the quantity of one thing that is exchanged or demanded in barter or sale for another such as the amount of money given or set as consideration for the sale of a specified thing |
| at least | at the minimum |
| zero | the absence of magnitude or quantity |
| free | not costing or charging anything |
| positive | real and numerically greater than zero |
| amount | the total number or quantity |
| creating | to bring into existence, produce, or bring about by a course of action or behavior |
| specific | those properties of something that allow it to be referred to a particular category, or restricted to a particular individual, situation, relation, or effect |
| product | something produced that is marketed or sold as a commodity or service |
| operating | to perform a function or influence to produce an effect |
| purpose | something set up as an object or end to be attained |
| represented | to serve as a sign or symbol |
| specifying | to name or state explicitly or in detail or to include as an item in a specification |
| user | one that uses |
| associated | to bring together or into relationship in any of various intangible ways |
| sending | to dispatch by a means of communication, direction, order, or request |
| message | a communication in writing, in speech, or by signals |
| response | something constituting a reply or a reaction; or an activity or inhibition of previous activity; or resulting from a given |

|  | input |
|---|---|
| either | being the one or the other |
| directly | in a direct manner in immediate physical or logical contact |
| other | ones distinct from that or those first mentioned or implied |
| causing | to serve as a cause or occasion by efficient or non-redundant persuasion, command, authority, or force |
| result | to proceed or arise as a consequence, effect, or conclusion |
| specification | the act or process of specifying (see above) |
| cryptographic | of or using the enciphering and deciphering of messages in code or cipher such as computerized encoding and decoding of information |
| key(s) | the code or set of instructions governing the encipherment and decipherment of messages |
| being | the quality or state of having existence or conceivable as existing |
| verification | the act or process of confirming, establishing, or substantiating the truth, accuracy, or reality |
| authentication | to prove or serve to prove the acceptance of or belief as conforming to or based on correctness |
| desiring | to have or express a wish for |
| buy | to acquire possession, ownership, or rights to the use of products or services of by payment |
| granting | to consent to, allow fulfillment of, or permit as a right, privilege, or favor |
| prepaid | to pay or pay the charge on in advance |

***Structures, Acts, or Materials Corresponding to Claim Elements***

Plaintiffs submit that at least some elements of claims 1-4 and claim 7 invoke the 6th paragraph of 35 USC 112 interpretations for claim construction. In the table of claim limitations below, through the required enablement, the claim necessarily recites the corresponding structure within '500 patent specification, as disclosed to you on September 21, 2009, along with its corresponding Accused System in the second column, for each element, naming the "Sony Platinum Music Pass" as the single instrument as to each limitation. The accused

instrumentality, along side its corresponding structure, properly identifies the structures, acts or materials which correspond to the claim elements:

| Independent Claim Limitation | Present in "Accused System" |
|---|---|
| (Claim 1) A payment system for itemized Internet merchandise or itemized downloadable media material objects, comprising: | Platinum Music Pass is a system for merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a retail point of sale establishment | The "Daughtry" Platinum Music Pass is sold at retail by defendants collectively and/or individually.  For example, FYE, Best Buy, and Target have retail point of sale establishments where the accused System is sold. |
| a customer access point at said retail point of sale establishment; | FYE, Best Buy, and Target stores contain and use cashier checkout lines for sale of at least the "Daughtry" Platinum Music Pass, which checkout is a kiosk, cashier's station, cash register, self-check out, self-service, or other means of customer interaction with said retail point of sale establishment. |
| URL information that is an Internet transaction location of said itemized Internet merchandise or itemized downloadable media material objects | As a representative accused system, the "Daughtry" Platinum Music Pass (copy attached) which is a card and detachable card which list the following in writing on the back side:<br>a) "To download your content, go to www.musicpass.com" ;<br>b) "This card is only redeemable at www.musicpass.com" ; and<br>c) "Redeem at www.musicpass.com<br>which is a URL and the fulfillment website for the itemized music downloads also listed in writing on the back side. |
| means for accepting payment through an in person transaction with a customer wherein said payment is designated for purchase of said itemized Internet merchandise or itemized downloadable media material objects; | Defendants Best Buy, FYE, and Target operate retail stores where in-person transactions are conducted at checkout stands with customers, where at the checkout stand, the Platinum Music Pass is identified electronically and/or manually as the designated itemized medium of purchase and Retailer receives and thereby accepts payment from customer (in-person) at the store. |
| means for storing and retrieving a record on or in a physical medium corresponding to said URL information that is an Internet transaction location of said itemized Internet merchandise or itemized downloadable media material objects; | A written record of the URL information found on the "Daughtry" Platinum Music Pass, which is a physical medium (copy attached), corresponds to the actual URL which is the website for redeeming the itemized music which are electronic sell through (EST) downloadable media material objects.  Additionally each Platinum Music Pass contains a barcode on the paper card, a barcode on the plastic card, and a scratch off code which may also serve as a recording to divine the URL transaction information. |
| means for transfer of said physical medium from said retail point of sale establishment to said customer; | The "Daughtry" platinum music pass card stored on a shelf, is picked up by a customer off the store shelf, and thereby transferred physically into the hand of the customer where upon purchase; the customer can |

|  |  |
|---|---|
|  | remove from the retail store. |
| and means for Internet transaction authorization on, in, or actuated from said physical medium wherein ownership rights in said itemized Internet merchandise or itemized downloadable media material objects are preselected and transferred to said customer through said transfer of said physical medium. | Purchasers of the "Daughtry" Platinum music pass are granted authorization delivered to the customer on the physical medium. The authorization code for specific and preselected music download is entered online for the customer's claiming or downloading of the Electronic Sell Through ("EST") media. |
| CUMMULATIVE | **Yes. All elements present in one instrumentality – Namely the Sony Platinum Music Pass** |

| Dependent Claim Limitation | Present in "Accused System" |
|---|---|
| (Claim 2) The payment system of claim 1, wherein the retail point of sale establishment further comprises: | Platinum Music Pass is a system for merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a retail store, convenience store, vending machine, parking lot, hallway, lobby, or other physical place to conduct business. | FYE, Best Buy, and Target sell the "Daughtry" [Platinum Music Pass] have retail point of sale establishments which are a retail store, convenience store, vending machine, parking lot, hallway, lobby, or other physical place where the accused System is sold and which is a place to conduct business. |

| Dependent Claim Limitation | Present in "Accused System" |
|---|---|
| (Claim 3) The payment system of claim 1, wherein said customer access point at retail point of sale establishment, further comprises: | Platinum Music Pass is a system for merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a checkout, kiosk, cashier's station, cash register, self-check out, self-service, or other means of customer interaction with said retail point of sale establishment. | FYE, Best Buy, and Target stores contain a payment location for at least the "Daughtry" Platinum Music Pass which is a checkout, kiosk, cashier's station, cash register, self-check out, self-service, or other means of customer interaction with said retail point of sale establishment. |

| Dependent Claim Limitation | Present in "Accused System" |
|---|---|
| (Claim 4) The payment system of claim 1, wherein said means for storing and retrieving a record further comprises: | Platinum Music Pass is a system for merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| writing, inscribing, programming, or otherwise placing access information on a card, computer diskette, or | The "Daughtry" Platinum Music Pass contains writing, inscribing, programming, or access information on a card such as but not limited to the writing "To download your content, go to www.musicpass.com." |
| Other physical means of recordation without requiring access to a public computer network (Internet) during the recording process whether or not access is actually made. | The "Daughtry" Platinum Music Pass also contains other physical means of recording information |

| Dependent Claim Limitation | Present in "Accused System" |
|---|---|
| (Claim 7) The payment system of claim 1 wherein said payment further comprises | Platinum Music Pass is a system for merchandise transfer initiated at a retail point of sale which is intended for, and carried out through, transferring of digital merchandise from a selling computer to a buying computer device. |
| a price wherein said price is at least zero comprising a free sample or any positive amount of payment from said customer to said retail point of sale establishment. | FYE, Best Buy, and Target sell the "Daughtry" Platinum Music Pass to customers for a price which is at least zero comprising a free sample or any positive payment amount. |

### *Extrinsic Evidence*

At this time, Plaintiffs identify *Merriam-Webster's Collegiate Dictionary (Hardcover),* Merriam-Webster; 10th Edition; ISBN-10: 0877797099 (1998), and inventor testimony, as the only extrinsic sources needed to supplement the intrinsic evidence in order to properly construe the claims as they would have been at the time of invention. Should argument related to other extrinsic evidence become offered, considered, or allowed by the court in construction of the claims, Plaintiffs reserve the right to name and/or identify other extrinsic evidence sources to impeach and/or rebut such.

Disclosed to you this 14th day of December, 2009

BY:  /s/ James L. Driessen
        James L. Driessen
        For James L. Driessen and Marguerite A. Driessen, Plaintiffs, Pro Se

CERTIFICATE OF MAILING

I hereby certify that I mailed, postage prepaid, by first class mail, a true and correct copy of PLAINTIFFS' DISCLOSURE OF PRELIMINARY CLAIM CONSTRUCTION AND EXTRINSIC EVIDENCE to the following addresses this 14th day of December 2009.

For Sony, Best Buy, and Target

Zachary J. Weyher
Julie Edwards
HOWREY LLP
170 South Main Street, Suite 400
Salt Lake City, Utah 84101

For FYE

Brent O. Hatch
Hatch, James, & Dodge, P.C.
10 West Broadway, Suite 400
Salt Lake City, Utah 84101


BY: _/s/James L Driessen_____
        James L. Driessen