**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH,**

**CENTRAL DIVISION**

| | |
|---|---|
| JAMES L. DRIESSEN, and MARGUERITE A. DRIESSEN.,<br><br>Plaintiffs and Counterclaim Defendants,<br><br>vs.<br><br>SONY BMG , et al.<br><br>Defendants and Counterclaim Plaintiffs. | **ORDER GRANTING MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**<br><br>Case No. 2:09-cv-140<br><br>Judge Clark Waddoups<br><br>Magistrate Judge Brooke Wells |

Plaintiffs James Driessen and Margurite Driessen move the court for leave to file a First Amended Complaint.[1] Plaintiffs "seek to amend their complaint to (i) assert new claims against Sony, Best Buy, Target, and FYE based on the Defendants' infringement of two related patents, which have issued at the Patent Office after the filing of the Driessen's original complaint and (ii) declaratory judgment that Sony has engaged as a contributor to a Standards Setting Organization (SSO) to influence what technologies can be adopted to 'retail tagging' for which the asserted patents in this case may be essential."[2] As outlined below, the court GRANTS Plaintiff's motions.

Plaintiffs filed this case in February 2009. Plaintiffs original complaint centers on allegations that Defendants violated certain patents relating to a "Retail point of sale (RPOS) apparatus for internet merchandising."[3] The proposed new complaint also centers on the same

---

[1] Docket no. 76.
[2] Mtn p. 1.
[3] Compl. p. 4.

patents plus two "related patents" which have issued since the filing of the original complaint. The new complaint also seeks a declaratory judgment surrounding the actions of certain Defendants actions in relation to the Standards Setting Organization.[4]

Rule 15(a) provides that a party may amend the pleadings after the time has run to do so "only with the opposing party's written consent or the court's leave."[5]  Leave should be freely given when justice so requires.[6]  As noted by the Supreme Court,

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits.  In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require be 'freely given.'[7]

Defendants argue that "leave to amend should be denied because the proposed amendments would be futile."[8]  Specifically, Defendants argue that Plaintiffs fail to properly allege or establish standing, Plaintiffs fail to state a claim upon which relief may be granted, and that Plaintiffs requested relief is improper.  The court disagrees.  Many of Defendants arguments go the merits of the case and, in the court's view, are more appropriate for a motion to dismiss or perhaps a motion for summary judgment.  For example, arguments concerning standing to bring this action may be the basis for a motion to dismiss.  Moreover, the other factors that courts often look to in deciding a motion to amend support Plaintiffs' motion.

---

[4] For a more detailed comparison of the new Complaint and the old Complaint see Exhibit 1 to Plaintiffs' reply memorandum.
[5] *Id.*
[6] *See id.*
[7] *Foman v. Davis*, 371 U.S. 178, 182 (1962).
[8] Op. p. 3.

The original scheduling order in this case entered on September 30, 2009, provided for an amended pleadings cut-off date of July 12, 2010.[9] On June 1, 2010, however, the court granted the parties' stipulation that provided an extension for the date to amend pleadings. The dates in the new stipulated schedule depend upon the issuance of an order concerning Defendants' Joint Motion for Summary Judgment.[10] As of the date of this decision, the court has yet to enter an order regarding Defendants' motion for summary judgment.

Based upon the parties' stipulation, the deadline to file amended pleadings or to add parties has not passed. Trial and the dispositive motion deadline are still a long ways away. The relatively early timeframe for Plaintiffs' motion to amend is different than a number of cases where this court has denied motions to amend.[11] The court therefore finds that the timing of Plaintiffs' motion weighs in favor of allowing Plaintiffs to amend.

Next, the court finds there is no prejudice to Defendants by allowing Plaintiffs to amend. Because this case is still in its relative infancy, Defendants will have ample time to conduct discovery on the new theories alleged by Plaintiffs. Further, and perhaps most important to the court, is the fact that Plaintiffs new proposed amended complaint largely overlaps with the original complaint. Thus, much of the new complaint would be subject to any decision rendered on Defendants' Motion for Summary Judgment which alleges the patents at issue are invalid

---

[9] Docket no. 45.
[10] Docket no. 56, 57.
[11] *See, e.g.*, *Fishbaugh v. Utah Power & Light*, 969 P.2d 403, 408-09 (Utah 1998) (upholding the denial of a motion to amend where the motion was filed following two different continuances of the trial date, and only forty-four days before the third scheduled trial date); *Neztsosie v. Meyer*, 883 P.2d 920, 922 (Utah 1994) (upholding the denial of a motion to amend where the motion was filed one month after summary judgment had already been granted); *Pride Stables v. Homestead Golf Club*, 2003 UT App 411,¶ 19, 82 P.3d 198 (upholding the denial of a motion to amend where the motion was filed "over ten years since discovery was completed"); *Hill v. State Farm Mut. Auto. Ins. Co.*, 829 P.2d 142, 149 (Utah Ct.App.1992) (upholding the denial of a motion to amend where the motion was filed after "summary judgment had been granted once by the district court, an appeal heard by the Utah Supreme Court, and a second motion for summary judgment filed by State Farm with the district court"); *Regional Sales Agency, Inc.*, 784 P.2d at 1217 (upholding the denial of a motion to amend where the motion was filed on the day before trial).

because they are either indefinite or lack sufficient written description.[12] This factor therefore weighs in favor of allowing Plaintiffs an opportunity to amend.

Next, there does not appear to be any delay in seeking to amend in this case, so that would not be a proper reason to deny Plaintiffs' motion.

Finally, the court notes the important principle of judicial economy that courts often cite to in resolving motions to amend.[13] Here, the amended complaint includes "two related patents" that issued after the filing of the original complaint. The court finds judicial economy is best promoted by including these related patents in this litigation rather than having Plaintiffs file a separate action based upon similar factual issues and the related patents.

## ORDER

As outlined above, given the circumstances in this case, the court finds it is appropriate to allow Plaintiffs an opportunity to amend the Complaint. Plaintiffs' Motion for Leave to Amend is GRANTED.

---

[12] *See generally* Defendants' Joint Notice of Motion and Motion for Summary Judgment, docket no. 56.
[13] *See e.g.*, *Strepka v. Miller*, 2001 WL 1475058 * 5 (affirming the district court's denial of plaintiff's post-judgment motion to amend because it would disserve the interests of judicial economy); *Unite Drilling Co. v. Enron Oil & Gas Co.*, 108 F.3d 1186, 1192 (10th Cir. 1997) (citing to the principle of judicial economy as a basis for clarifying a verdict); *Tuck v. United Services Auto. Ass'n*, 859 F.2d 842, 846 (10th Cir. 1988) (stating that "Fairness and the need to conserve judicial resources all weigh in favor of allowing the [plaintiffs] to amend the complaint"); *Union Planters National Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982) (concluding that after considering prejudice to movant and judicial economy, court may refuse leave to amend where amendment would be futile).

It is FURTHER ORDERED that Plaintiffs serve a copy of the new complaint and summons upon all alleged Defendants within thirty (30) days from the date of this order.

DATED this 13th day of October, 2010.

BY THE COURT:

_____
Magistrate Judge Brooke Wells