**PERKINS COIE LLP**
James C. Pistorino (admitted *pro hac vice*)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

**TELOS VG, PLLC**
Lee Saber (11020)
John Bogart (8305)
Zachary Weyher (10846)
299 South Main, Suite 1300
Salt Lake City, UT 84111
Telephone: (801) 535-4304
Facsimile: (801) 210-2735

Attorneys for Defendants and Counterclaim Plaintiffs
Sony Music Entertainment (f.k.a. Sony BMG Music
Entertainment) and Best Buy Stores, L.P.
(erroneously sued as Best Buy Co., Inc.)

**HATCH, JAMES & DODGE, P.C.**
Brent O. Hatch (5715)
10 West Broadway, Suite 400
Salt Lake City, UT 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

Attorneys for Defendants and
Counterclaim Plaintiffs FYE
(a.k.a. Trans World Entertainment)
and Target Corporation

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JAMES L. DRIESSEN, and MARGUERITE A. DRIESSEN, <br><br> Plaintiffs and Counterclaim Defendants, <br><br> vs. <br><br> SONY BMG MUSIC ENTERTAINMENT; TARGET CORPORATION; BEST BUY CO., INC.; FYE (a.k.a. TRANS WORLD ENTERTAINMENT), <br><br> Defendants and Counterclaim Plaintiffs. | **DEFENDANTS' JOINT MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON INDEFINITENESS** <br><br> Case No. 2:09-cv-00140 <br><br> Judge Clark Waddoups <br> (Oral Argument Requested) |

Defendants Sony Music Entertainment (erroneously sued as Sony BMG Music Entertainment), Target Corporation, Best Buy Stores, L.P. (erroneously sued as Best Buy Co., Inc.), and FYE (a.k.a. Trans World Entertainment) (collectively, "Defendants") hereby move the Court for an order granting summary judgment that Claim 1 of the '500 patent (and each dependent claim) is invalid for failing to comply with the definiteness requirement of 35 U.S.C. § 112.[1]

## I.     FACTUAL BACKGROUND

### A.     Overview Of The '500 Patent

Claim 1 of the '500 patent is the only claim relevant to the present motion.  Claim 1 is a system claim written in means-plus-function format.  Generally, the '500 patent purports to relate to a system of purchasing downloadable media on the Internet.  Instead of purchasing this item directly through the Internet, the buyer goes to a retail store to pay for the item and then later downloads the material using a passcode/password provided at the retail store.  The following figure is illustrative of this concept.



---

[1]  Defendants previously filed a motion on these same grounds against Claim 1 of the '500 patent, the only patent asserted at that time.  In the wake of the Court granting Defendants' motion to dismiss the First Amended Complaint, the Court denied that motion without prejudice to bringing another motion after Plaintiffs filed their second amended complaint.  Now that the patents-in-suit are known, Defendants renew their motion for summary judgment.

1

As shown in Figure 1 from the '500 patent, the method starts with a merchant of downloadable media. The merchant makes its downloadable item available on the Internet. However, potential customers do not purchase the item over the Internet. Instead, they go to a physical retail location that sells an item that corresponds to the downloadable item. In the figure, there is a CARD that contains the Internet address of the downloadable item as well as a passcode/password that the customer can use to download the item over the Internet. The CARD is purchased in an over-the-counter transaction.

Subsequently, the customer can use a computer and go to the Internet address of the downloadable item. In order to retrieve the downloadable item, the customer enters the passcode/password from the CARD. If the passcode/password is approved, the customer is able to download the item.

### B.     Prosecution History Of The '500 Patent

On June 21, 2000, Mr. Driessen, acting pro se, filed U.S. Provisional App. No. 60/213,673, naming himself as the sole alleged inventor. (Pistorino Decl. Ex. A.) Thereafter, on August 1, 2000, Mr. Driessen filed U.S. Patent App. No. 09/630,272, again, naming himself as the sole inventor. (Pistorino Decl. Ex. B.) During prosecution, Mr. Driessen amended both the specification and the claims numerous times. The PTO first issued an Office Action rejecting all claims in September 2003. (Pistorino Decl. Ex. C.) In December 2003, Mr. Driessen cancelled all of the original claims submitted in the original specification and added 10 new claims in response to the Office Action. (Pistorino Decl. Ex. D.) This amendment was the first time that the limitation "means for storing and retrieving a record on or in a physical medium" appeared in a claim, despite there being no corresponding structure contained in the original disclosure. The '500 patent subsequently issued on February 21, 2006. (Pistorino Decl. Ex. I.)

## II.   LEGAL BACKGROUND

Summary judgment should be granted when there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *Atmel Corp. v. Information Storage Devices, Inc.*, 198 F.3d 1374, 1378 (Fed. Cir. 1999). Summary judgment is as appropriate in a patent case as it is in any other case. *Desper Prods., Inc. v. QSound Labs, Inc.*, 157 F.3d 1325, 1332 (Fed. Cir. 1998) (quotation marks omitted).

The analysis of indefiniteness under 35 U.S.C. § 112, ¶ 2 is a question of law that is "drawn from the court's performance of its duty as the construer of patent claims." *Default Proof Credit Card Sys., Inc. v. Home Depot U.S.A., Inc.*, 412 F.3d 1291, 1298 (Fed. Cir. 2005) (quoting *Atmel*, 198 F.3d at 1378). As such, the determination of corresponding structure for a means-plus-function limitation in a definiteness inquiry is also purely a question of law to be decided by the court. *Linear Tech. Corp. v. Impala Linear Corp.*, 379 F.3d 1311, 1318 (Fed. Cir. 2004). Although indefiniteness must be proven by clear and convincing evidence, this burden is satisfied if "reasonable efforts at claim construction prove futile." *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1347-48 (Fed. Cir. 2005).

## III.   STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Defendants are accused of infringing Claim 1 of the '500 patent.

2. Claim 1 of the '500 patent includes the limitation "means for storing and retrieving a record on or in a physical medium ..."

3. Claims 2, 3, 5, and 7 are dependent on Claim 1.

4. There is no corresponding structure in the specification that is clearly linked or associated with the function of "storing and retrieving a record on or in a physical medium."

## IV.   DISCUSSION

Under 35 U.S.C. § 112, ¶ 6, a means-plus-function limitation "shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." For each means-plus-function element, the court must determine "what structure, if

any, disclosed in the specification corresponds to the claimed function." *Cardiac Pacemakers Inc. v. St. Jude Med., Inc.*, 296 F.3d 1106, 1113 (Fed. Cir. 2002). "In order to qualify as corresponding, the structure must not only perform the claimed function, but the specification must clearly associate the structure with the performance of the function." *JVW Enters., Inc. v . Interact Accessories, Inc.*, 424 F.3d 1324, 1332 (Fed. Cir. 2005) (quoting *Cardiac Pacemakers*, 296 F.3d at 1113). "If … this inquiry reveals that no embodiment discloses corresponding structure, the claim is invalid for failure to satisfy the definiteness requirement of § 112, ¶ 2." *Cardiac Pacemakers*, 296 F.3d at 1114; accord *B. Braun Med., Inc. v. Abbott Labs.*, 124 F.3d 1419, 1424 (Fed. Cir. 1997) ("This duty to link or associate structure to function is the *quid pro quo* for the convenience of employing § 112, ¶ 6."); *Biomedino, LLC v. Waters Techs., Corp.*, 490 F.3d 946, 950 (Fed. Cir. 2007) ("If there is no structure in the specification corresponding to the means-plus-function limitation in the claims, the claim will be found invalid as indefinite."). Independent Claim 1 fails to satisfy the definiteness requirement of 35 U.S.C. § 112.

There is no structure disclosed in the specification that is clearly associated with performing the recited function of "storing and retrieving a record on or in a physical medium." (*See* Schnurle Decl. at ¶¶ 6-11.) Figures 1-5 of the '500 patent (and the associated description) disclose a CARD or other items that may be used to hold a "record." However, these items are the "physical medium" and not the means for "storing and retrieving a record on or in" a "physical medium." There is no structure disclosed that actually stores or retrieves a record from the CARD. For example, a "record" might be recorded on a ticket using a variety of structures (typewriter, printing press, laser printer, dot matrix printer, phototransfer, etc.) but none of the structures are disclosed in the specification. Likewise, there may be many ways of retrieving a "record" from a ticket (optical character recognition scanner, etc.) but again, there is no structure disclosed in the specification for performing that function.

Plaintiffs have asserted that "plastic cards, paper tickets, disks, magnetic strips, bar codes, and any means for recording information" are the corresponding structure for this limitation.

4

Dkt. No. 51 at 24.[2]  Plaintiffs' proposed structures are merely examples of the physical media where the record could be stored or retrieved from.  They are not the structure that performs the storing and retrieving.  For example, one of the proposed structures is a magnetic strip (which, again, is not disclosed in the specification).  A record can be stored on a magnetic strip, such as one contained on a credit card.  The magnetic strip, however, does not write the record on itself, nor is it capable of retrieving the record from itself.  Some other apparatus is necessary in order to retrieve the record stored on the credit card.  Likewise, for example, "bar codes" do not perform the function of "retrieving a record on or in a physical medium."  The structures recited by Plaintiffs do not perform the function of "storing and retrieving a record on or in a physical medium."[3]

It is important to keep in mind that a claim construction that gives meaning to all the terms is the preferred construction.  *See*, *e.g.*, *Merck & Co. v. Teva Pharms., USA, Inc.*, 395 F.3d 1364, 1372 (Fed. Cir. 2005) ("A claim construction that gives meaning to all the terms of a claims is preferred over one that does not do so."); *Mangosoft, Inc. v. Oracle Corp.*, 525 F.3d 1327, 1330-31 (Fed. Cir. 2008) (rejecting claim construction that "ascribes no meaning to the

---

[2] Defendants note that neither "*plastic* cards" nor "magnetic *strips*" are disclosed in the specification.  However, "cards", "smart cards", and "magnetic tape" are disclosed.

[3] With regard to the disclosure of item 3 of Figure 5 (*i.e.*, what appears to be a floppy type diskette), the specification transposes description of that item with item 2 (*i.e.*, what appears to be some sort of scratch off ticket).  (*See* Dkt. No. 119-1 at col. 9:67-10:8.)  Figure 5 itself is described in the text as follows:  "Figure 5 shows some examples of recording devices that are used or could be modified for use as the media delivery method, access CARD, *or to deliver a small cookie-free-cache-back application*."  (*Id.* at col. 9:58-61 (emphasis added).)  Item 3 of Figure 5 is described as follows:  "Reference [3] shows an example of how a mini-application (applet) can be delivered on floppy prior to accessing content."  Item 3 is an example of a mini-application delivery form.  (*See id.* at col. 2:34-65 (description of mini-application).)  This is to be contrasted with Item 4 which is a delivery method for *both* an access key and a mini-application.  (*See id.* at col. 10:5-7 ("Reference 4 shows a smart card which could be used to deliver both an access key *and* mini-application applet.") (emphasis added).)  Thus, there is no disclosure in the specification clearly linking or associating the floppy disk of Item 3 of Figure 5 with performing the function of "storing and retrieving a record on or in a physical medium corresponding to said URL information that is an Internet transaction location of said itemized Internet merchandise or itemized downloadable media material objects."

term … not already implicit in the rest of the claim."). Constructions that only look for structures that could store records or from which records could be retrieved do not give meaning to the phrase "on or in a physical medium." Accordingly, Defendants' construction which gives meaning to every word in the claim is the preferred construction and should be adopted.

In addition, Defendants note that the claim element requires a structure that BOTH "stores" AND "retrieves" a record "on or in a physical medium." Thus, focusing on bar codes, structures such as pen type readers, laser scanners, CCD readers, and camera based readers for reading bar codes (which, again, are not disclosed in the specification) simply cannot perform the recited function because they cannot also "store … a record on or in a physical medium."[4]

Though there is no explicit disclosure, it has been suggested that structures for performing the recited function are "implicit" in the disclosure of Figure 5 or the text of Col. 3, L. 40-45. Such an approach is premised on the idea that, though no actual structure for performing the recited function is disclosed in the specification, a person of ordinary skill in the art could think of structures to perform the recited function from the disclosure of other structures (*e.g.*, bar codes, magnetic tape). Respectfully, that approach flies in the face of the statutory requirement that a means-plus-function claim "shall be construed to cover the structure, material or acts *described in the specification* and equivalents thereof." *See* 35 U.S.C. § 112, ¶ 6 (emphasis added). *See also Biomendio LLC v. Waters Technologies Corp.*, 490 F.3d 946, 953 (proper inquiry is "whether one of skill in the art would understand the specification *itself* to disclose a structure, not simply whether that person would be capable of implementing a structure.") (emphasis added).

---

[4] Defendants note that the phrase "bar code reader" is merely a functional description of a non-disclosed structure (*i.e.*, the structure that actually does the bar code reading) and is not limiting. Bar code reading structures are the aforementioned laser scanners, CCD readers, etc. It is no more proper to say that disclosure of a bar code necessarily discloses a "bar code reader" structure than to say that disclosure of paper necessarily discloses a "paper reader" structure. Simply restating functions as nouns does not mean that structures for performing them are disclosed.

In the patent context, in order for something to be implicit/inherent it must *necessarily* be present. Not merely probably, or likely, or as a possibility. Necessarily. *See*, *e.g.*, *Tronzo v. Biomet, Inc.*, 156 F.3d 1154, 1159 (Fed. Cir. 1998). Nothing in Figure 5 or the related text *necessarily* discloses any particular structure for performing the recited function. For example, a person of ordinary skill in the art seeing a description of a bar code will not know that a laser scanner is *necessarily* required to retrieve information from the bar code. Other types of bar code reading structures are possibilities as well. Accordingly, disclosure of a bar code does not necessarily disclose any particular structure for "retrieving" (let alone "storing") and a laser scanner is not inherent in the disclosure of a bar code. Likewise, there are numerous types of "magnetic tape" (e.g., cassette, video cassette, 10 inch reel, 7 inch reel, multi-track, etc.) and just as many types of devices which read to and write from each (*e.g.*, helical scanners, rotating heads, fixed heads, multi-headed). Accordingly, disclosure of "magnetic tape" does not *necessarily* disclose any particular structure for reading to or writing to magnetic tape and none is inherent in the disclosure of magnetic tape.

## V. CONCLUSION

For the reasons set forth above, Claim 1 of the '500 patent should be declared invalid as indefinite.

Respectfully submitted,

Dated: June 23, 2011            By */s/ James C. Pistorino*
                                James C. Pistorino
                                PERKINS COIE LLP
                                Attorneys for Defendants/Counterclaim Plaintiffs
                                **SONY MUSIC ENTERTAINMENT and**
                                **BEST BUY STORES, L.P.**

Dated: June 23, 2011          By */s/ Brent O. Hatch*
                              Brent O. Hatch
                              HATCH, JAMES & DODGE, P.C.
                              Attorneys for Defendants/Counterclaim Plaintiffs
                              **FYE (a.k.a. TRANS WORLD ENTERTAINMENT) and TARGET CORPORATION**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 23rd day of June, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further hereby certify that I have served via e-mail a copy of this document to the following non-CM/ECF participant:

| | |
|---|---|
| Marguerite A. Driessen | [ ] U.S. Mail |
| mad@driessenlaw.com | [ ] Federal Express |
| 305 North 1130 East | [ ] Hand Delivery |
| Lindon, UT  84042 | [ ] Telefacsimile |
|   *Pro Se Plaintiff* | [X] Other (e-mail) |

                                            */s/ James C. Pistorino*
                                              James C. Pistorino

21048042