**JAMES L. DRIESSEN, PRO SE, jd@driessenlaw.com, USB #09473**
MARGUERITE A. DRIESSEN, PRO SE, mad@driessenlaw.com
305 N 1130 E, LINDON, UT 84042
PHONE (801)796-6924
FAX (801)785-2744

UNITED STATES DISTRICT COURT
District of Utah, Central Division

| | |
|---|---|
| James L. Driessen and Marguerite A Driessen<br>Plaintiffs<br><br>v.<br><br>Sony Music Entertainment et.al.<br>Defendants | MOTION FOR MISCELLANIOUS RELIEF RE: CASE SPECIFIC ORDER FOR CLAIM CONSTRUCTION, EXPERT OPINIONS, AND LIMITS ON SUMMARY MOTIONS<br><br>CASE NUMBER: 2:09-cv-00140<br>Judge: Clark Waddoups |

Plaintiffs James and Marguerite Driessen request special, patent litigation specific, procedures and do herein set forth succinctly, but without argument, the specific grounds for the following miscellaneous relief requested:

**GROUNDS**

1. Procedural History: Plaintiffs have asserted the parent application in the original law suit and have amended in their Second Amended Compliant ("SAC") to present causes of action as to two newly issued patents, stemming from a Continuation Patent Application ("CPA") and a Continuation in Part Application ("CIP") within the first year of the initial patent infringement case filing. Motion to file the amended complaint having been granted and SAC filed with the court and served on parties. *Dkt. #119, P's. "SAC," filed 5/20/2011.*

1

2. Discovery having been Stayed:  Discovery in this matter was stayed indefinitely as to the following issues and schedules: amendment of pleadings/adding parties; last Day to file motion to add/subtract parties; Rule 26(a)(2) reports from experts; close of Fact Discovery; and close of expert discovery.  *Dkt. # 67 and 68, Stip. Mot. And Order.*

3. Discovery Still Stayed:  Under the Rules of Civil Procedure, and the procedural history in this case, Defendants have not yet answered the SAC, and instead have filed DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6), Dkt. #124 (hereafter, "12(b)(6) Motion") which again by the Rules, delays discovery and entering of a new scheduling order until an answer is served under the Rules. *Fed. R. Civ. Pro. R. 12(a)(4)(A).*

4. New Scheduling Order to be Submitted:  The Order which stayed the discovery assumed that after a ruling on Defendants previous Summary Motion as to the original complaint asserting only the parent patent, that the Parties would jointly file a new scheduling order. *Dkt. # 67 and 68, Stip. Mot. And Order.*

5. Good Faith Efforts to Reach Agreement:  Prior to answering the SAC, Defendants telephoned Plaintiff James Driessen to discuss whether or not a new joint scheduling order should be filed before or after the answer, to which Plaintiff agreed the new joint scheduling order could wait until after Defendants filed their answer to the SAC.

6. Discovery Delayed:  Defendants have since filed their 12(b)(6) Motion as well as two motions for summary judgment instead of answering the SAC.

7. *Markman* Motion Status:  The court has dismissed without prejudice Plaintiff's request for stand-alone *Markman* hearing. The Court has not yet ruled on any construction of claim

terms or held a stand-alone construction hearing. The parties have yet to exchange fact discovery, or expert discovery. It would be efficient for the court to make a ruling as to limits on Track 1 Summary Motions at this stage. See Menell, Peter S., et. al., *Patent Case Management Judicial Guide*, Federal Judicial Center (2009), ch. 6, (for an explanation for what Plaintiffs refer to as Track 1 or Track 2 summary judgment motions).

### MISCELLANIOUS RELIEF REQUESTED

8. Plaintiffs therefore request an Order by the court for miscellaneous relief including a Case Specific Order for claim construction, expert opinions, and limits and schedules for track 1 summary motions, as follows:

    a. Claim Construction: Following the decisions on currently pending Summary Judgment Motions concerning invalidity, "Track 1" motions should be deemed completed and so limited as to the extent that the parties can proceed to the joining of issues for final claim construction, to be defined as "Track 2" summary motions;

    b. Track 2: Summary motions should be limited to the narrowing the number of claim terms actually disputed in the case and issues of claim construction should be joined in a formal stand-alone *Markman* hearing.

    c. Pre-Markman Procedures: The *Markman* hearing should be set for the first available court scheduling opportunity after the number of claim terms in dispute has been reasonably narrowed through the Summary Motion practice. Given the opposing counsels expressed differences in how discovery and claim construction

should proceed, that the court should schedule a special pretrial conference to determine issues concerning:

    i. when to hold the *Markman* hearing;

    ii. streamlining the pre-*Markman* process;

    iii. the use of tutorials, experts, and advisors in claim construction;

    iv. best procedures given the current case on how to conduct a *Markman* hearing most efficiently and effectively;

    v. rendering a Markman ruling; and

    vi. integrating the Markman ruling into trial.

  d. and other Orders as the Court deems fit to effectively control patent case management in this case.

Respectfully submitted this __29th__ day of __July__, 2011

BY:___/s/James L. Driessen_____
    for James and Marguerite Driessen, Plaintiffs, Pro Se

NOTICE OF ELECTRONIC FILING
ECF will electronically transmit the Notice of Electronic Filing of MOTION FOR MISCELLANIOUS RELIEF RE: CASE SPECIFIC ORDER FOR CLAIM CONSTRUCTION, EXPERT OPINIONS, AND LIMITS ON SUMMARY MOTIONS, with its accompanying Memorandum in Support, to the attorneys and parties in the case who have registered for e-filing with the court.

___/s/James L. Driessen_____