**JAMES L. DRIESSEN, PRO SE, jd@driessenlaw.com, USB #09473**
MARGUERITE A. DRIESSEN, PRO SE, mad@driessenlaw.com
305 N 1130 E, LINDON, UT 84042
PHONE (801)796-6924
FAX (801)785-2744

UNITED STATES DISTRICT COURT
District of Utah, Central Division

| | |
|---|---|
| James L. Driessen and Marguerite A Driessen<br>Plaintiffs<br><br>v.<br><br>Sony Music Entertainment et.al.<br>Defendants | MEMORANDUM IN SUPPORT<br>RE: MOTION FOR<br>MISCELLANIOUS RELIEF<br>RE: CASE SPECIFIC ORDER<br>FOR CLAIM CONSTRUCTION,<br>EXPERT OPINIONS, AND LIMITS ON<br>SUMMARY MOTIONS<br><br>CASE NUMBER:  2:09-cv-00140<br>Judge:  Clark Waddoups |

## INTRODUCTION

Plaintiffs' motion, and herein memorandum in support, is to request comprehensive, user-friendly, and practical guidance from the court for managing this case to avoid a prolonged and fragmented claim construction process.  There is no Utah Federal District Court "Standing Order" as to Patent Local Rules ("PLRs"). While the *Patent Case Management Judicial Guide*, Federal Judicial Center  ("FJC" 2009), ch. 6, on the topic of managing the summary judgment processes in the Federal Courts is not authoritative, it does supply adequate information and guidance as to the successes and pitfalls of effective patent case management in the federal system along with several citations to authoritative support.  Plaintiffs may hereafter in this Memorandum refer to the above mentioned guide as the "FJC" Guide.

1

## SUPPORTING AUTORITIES

### *Need for Case Specific Orders in Patent Cases*

"All modifications, as well as the rules or standing orders, must of course be consistent with Federal Circuit case law to the extent an issue "pertains to or is unique to patent law." See *O2 Micro*, 467 F.3d at 1364 (citing *Sulzer Textil A.G. v. Picanol N.V.*, 358 F.3d 1356, 1363 (Fed. Cir. 2004)). For example, Federal Circuit law was applied in cases addressing whether claim charts exchanged by parties pursuant to PLRs could be amended to add new statutory bases for invalidity and infringement. See, e.g., *Genentech, Inc. v. Amgen, Inc.*, 289 F.3d 761, 774 (Fed. Cir. 2002); *Advanced Cardiovascular Sys. v. Medtronic, Inc.*, 265 F.3d 1294, 1303 (Fed. Cir. 2001). In these situations, the Federal Circuit held that the sufficiency of notice regarding defenses or theories of liability under specific statutory provisions of patent law "clearly implicat[ed] the jurisprudential responsibilities of this court within its exclusive jurisdiction." *Advanced Cardiovascular*, 265 F.3d at 1303; see also *In re Spalding Sports Worldwide, Inc.*, 203 F.3d 800, 803-04 (Fed. Cir. 2000) (applying Federal Circuit law to a question of attorney-client privilege between patentee and patent attorney)." *FJC Guide, Preface, pg. 2-10*.

### *Need for Management of Expert Opinions*

In the case before this court, the issue of the propriety of expert opinions, in both motions to dismiss and "Track 1" summary motions, was raised in Plaintiffs' previous "motion to strike" *Dkt. 63, 4/22/10*, which was dismissed without prejudice, *Dkt. 116, 4/21/2011*. It is axiomatic in both the Federal Rules of Evidence and case precedent in the Federal Circuit Court of Appeals that expert opinions in patent cases should be resorted to only when intrinsic evidence is insufficient. Where the intrinsic evidence is sufficient, or the expert opinions are not properly

2

supported, the expert should not be relied upon. For example, in *Network Commerce, Inc. v. Microsoft Corp.*, 422 F.3d 1353, 1361 (Fed. Cir. 2005), a patentee sought a construction based upon its expert's declaration that a claimed "download component" need not contain a boot program. The expert declaration failed to explain why quoted passages from the specification supported his opinion and failed to support the expert's conclusion with any reference to industry publications or other independent sources. Accordingly, the declaration was properly disregarded. *Id.*

In this case, Defendants have jumped to expert opinion in support of claim construction without having given proper notice (other than offering the same expert in a previous motion) and without following the prescribed "Article VII" guides for laying the foundation for reliable expert testimony. *Fed. R. of Evid. R. 701-706.*

### *Need for Fair Limitations on Track 1 Summary Motion Practice in Patent Cases*

"Effective utilization of the summary judgment process is especially important in patent cases because they present so many complex issues. Summary judgment Patent Case Management Judicial Guide can play a critical role in narrowing or simplifying the issues, thereby promoting settlement or simplifying the trial. On the other hand, the summary judgment process in a patent case can put a significant burden on the court, particularly if the parties file numerous, voluminous motions … Claim construction plays a central role in scheduling and managing summary judgment motions. Generally, the pretrial issues requiring the largest investment of judicial resources in a patent case are claim construction and summary judgment. Furthermore, most of the weighty issues in a patent case—the technical aspects of infringement, and most allegations of invalidity—depend in some way on claim construction. As a result,

3

summary judgment on the main issues in a patent case (infringement and validity) generally cannot be resolved without construing at least some disputed claim terms.." *FJC Guide, ch. 6, Summary Judment, pgs. 6-1, 6-2*.

"'First-track' motions are typically non-infringement motions. For example, in *Planet Bingo v. Gametech Int'l*, 472 F.3d 1338 (Fed. Cir. 2006), the claims at issue required "establishing a predetermined combination as a winning combination." *Id. at 1340*. The accused bingo machines determined winning combinations after the bingo game began. The parties disputed whether this could be encompassed by the claim term "predetermined." The district court construed "predetermined" to mean a determination made before the game began. This precluded literal infringement. Based on this construction, and a finding that making a determination after the bingo game began could not be equivalent to making the determination before the game began, the district court granted summary judgment of non-infringement. The Federal Circuit affirmed. See *Planet Bingo v. Gametech* Int'l. Inc., 472 F.3d 1338 (Fed. Cir. 2006). In the [*Planet Bingo* case], all that needed to be resolved was the construction of 'predetermined' and the issue of what could be 'equivalent' to 'predetermined'— all other disputes, claim construction or otherwise, were mooted. See also, e.g., *Schoenhaus v. Genesco, Inc.*, 440 F.3d 1354, 1356 (Fed. Cir. 2006) (affirming issuance of 'carefully crafted summary judgment opinion' that 'construed two limitations of claim 1 of the patent' in lieu of a claim construction order)." *FJC Guide, ch. 6, Summary Judment, pgs. 6-3, 6-4*.

### *The "Law of the Case" Dictates that First Track Summary Judgment Motions Should be Limited in Number and Scope*

The "law of the case"[1] suggests that Plaintiffs have made a strong case for dictionary terms (as not proscribed by the *intrinsic* record). *P. Mem. Opp. Sum J. Dkt. #62, 4/22/2010* ("Ordinary and accustomed meaning is not a hard presumption, but it is always the starting point from which to embark."). Defendants, on the other hand, have made their argument that claim terms "means for storing and retrieving a record" and "sending a payment message" and "authorization message" are the only disputed claim terms on which all invalidity contentions are based. *D. Mem. Sup. Mot. Sum. J. Dkt. # 57, 03/25/2010.* (*"There is no reason why the Court should continue through a Markman hearing, or address any further issues in this case."*)

Infringement contentions and validity contentions have already been exchanged by the parties as to the '500 Patent, but Defendants' Summary Motion currently before the court again suggests that all of Defendants disputes can be resolved by construction of just the following '500 Patent claim terms:

  a. "means for storing and retrieving a record on or in a physical medium.
  b. "sending a payment message"
  c. "authorization message."

---

[1] "Law of the case" is a legal term of art that dictates that rulings made by a trial court, which are not challenged during prosecution and not challenged on appeal, become the law of the case. Unless the trial court's rulings were clearly in error or there has been an important change in circumstances, the Court's prior rulings must stand. See *Uniloc USA, Inc. v. Microsoft Corp.*, 632 F.3d 1292 (Fed. Cir. 2011) ("law of the case" can establish issue preclusion and outcomes under theories of res judicata)

### *The Court's Heightened Complaint Pleading Standard has already fulfilled Infringement Contentions Discovery Requirements*

Due to the specifics in this case, the court has opted for a heightened pleading standard in light of the points articulated in *Fujitsu*[2] that required the plaintiffs essentially to include all infringement contentions on a claim by claim, element by element basis in the second amended complaint. Additionally, Defendants first set of motions made clear that all invalidity issues in the case may be resolved. Therefore, the court should make a ruling that following the presently pending summary judgment motions (provided they do not dispense with the case in its entirety), all "Track-1" motions concerning the issues of invalidity, standing, indefiniteness for lack of written description under §112, non-patentable subject matter under § 101, and enablement motions under § 112, shall be defined as "Track 1" and limited, and thereby deemed completed. The purpose of limitations as to the extent of "Track 1" summary motions is so that the parties can proceed to the joining of issues for final claim construction, to be defined as "Track 2" summary motions, which Plaintiffs herein request shall be limited to the construction of claim terms (*Markman* Hearing) as necessary specifically to address the issues of infringement, divided infringement, and indirect infringement, which Plaintiffs believe are the only genuine issues upon which the outcome of this case turns. See *FJC Guide, ch. 7, Pre-Trial Case Managment*.

Special DUCivR 16-1 (a)(1) Scheduling Conference Procedures may best manage discovery and promote effective dispute resolution. Infringement complaints are usually sparse and conclusory. In Utah, however, there are no local patent rules, and in this case, the

---

[2] This Court requested that the parties would review the decision in *Fujitsu Ltd. v. Belkin International, Inc*. (unpublished N.D. Cal. 2011), *P's. Exh.2, Dkt, 133-2, 7/04/11*

heightened pleading standard has facilitated perhaps a better approach to integrating the

*Markman* ruling into Summary Judgment Motions and ultimately into the trial.


Respectfully submitted this 29th day of July, 2011


    BY:   /s/James L. Driessen_____
         for James and Marguerite Driessen, Plaintiffs, Pro Se

```
NOTICE OF ELECTRONIC FILING
ECF will electronically transmit the Notice of Electronic Filing
of MOTION FOR MISCELLANIOUS RELIEF RE: CASE SPECIFIC ORDER FOR
CLAIM CONSTRUCTION, EXPERT OPINIONS, AND LIMITS ON SUMMARY MOTIONS,
with its accompanying Memorandum in Support, to the attorneys and
parties in the case who have registered for e-filing with the court.
```