IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES L. DRIESSEN, MARGUERITE A. DRIESSEN,<br><br>Plaintiffs,<br><br>v.<br><br>SONY MUSIC ENTERTAINMENT, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No.  2:09-cv-0140-CW<br><br>Judge Clark Waddoups |

Before the court is Defendants' joint motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) under the theory that the complaint fails to allege sufficient facts to support a finding that no single party performed every step or limitation of the claim as needed for a direct infringement of a method claim.  (Dkt. No. 124.)[1]  Indeed, the Federal Circuit Court of Appeals has instructed that "[d]irect infringement requires a party to perform or use each and every step or element of a claimed method or product." *BMC Resources, Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1378-79 (Fed. Cir. 2007).  Nevertheless, "[w]hen a defendant participates in or encourages infringement but does not directly infringe a patent, the normal recourse under the

---

[1] In their opposition, Plaintiffs argue that "*Centillion* went on to hold that when the patented invention itself is a system of direction or control, '[t]he "control" contemplated in *NTP* is the ability to place the system *as a whole* into service.'"  (Pls.' Opp'n Mot. Dismiss, 7)(citing *Centillion Data Sys., LLC v. Qwest Commn'n Int'l*, 631 F.3d 1279, 1286 (Fed. Cir. 2011)).  Plaintiffs then conclude that "[t]here was no need to plead or prove direction or control by a single actor."  (Pls.' Opp'n Mot. Dismiss, 7.)  Plaintiffs' argument does not follow.  Whether a customer is or is not able to control any given particular system is a separate question from whether the allegations are sufficiently pled.  Indeed, if the customers in this case are alleged to have sufficiently controlled or used a system, then "Defendants" do not unless there is sufficient allegations that support a finding of vicarious liability.  If the customers do not control the system, then Plaintiffs still must allege such facts to show that a Defendant had such control.  Plaintiffs have done neither.  As such, they have failed to meet the pleading standard under Fed. R. Civ. P. 12(b)(6).

law is for the court to apply the standards for liability under indirect infringement. Indirect infringement requires, as a predicate, a finding that some party amongst the accused actors has committed the entire act of direct infringement." *Id.* at 1379. As such, there can be no finding of indirect infringement without a finding that there was first a direct infringer.

It must also be noted that despite the rather strict language requiring one party to perform or use "each and every step or element," the courts have not completely prohibited claims under a direct infringement theory where there is more than one actor. Indeed, a direct infringement claim may be successful if the plaintiff can show "vicarious liability [which arises] when one party controls or directs the actions of another to perform one or more steps of the method." *Centillion Data Sys., LLC v. Qwest Commn'n Int'l*, 631 F.3d 1279, 1287 (Fed. Cir. 2011). In such a case, however, "an agency relationship or other contractual obligation to perform the steps must exist." *Id.*

Applying this law to the facts as pled, Plaintiffs have failed to allege which Defendant took which action, under each element of each claim. And in such instances as they may apply, Plaintiffs have also failed to articulate those facts which may establish the required agency relationship under a direct infringement, vicarious liability theory. Simply stated, alleging that "Defendants" did something is insufficient.

In studying Plaintiffs' Second Amended Complaint, it became apparent that Plaintiffs are attempting to plead in such a manner as to include every possible defendant in any possible legal theory that may support a cause of action. Such pleading is confusing and suffers from the weakness that it does not require Plaintiffs to exercise the discipline of testing whether they in fact have facts sufficient to plead a cause of action. Such imprecise pleading has come to be critically viewed by the courts because it fails to give clear and fair notice to defendants and

increases the expense of litigation. To impose the expense of litigation, including expensive discovery on a defendant, a plaintiff has the duty to carefully assess what facts support its claim, to clearly and succinctly state those facts as they may apply to each defendant who is named, and to assure itself that the facts indeed support each cause of action that is pled. This action has been pending since February 17, 2009, almost three years. It is time for Plaintiffs to thoroughly review their claims, weigh the facts now known to them, and decide which defendants they can reasonably press those claims against and dismiss all others.

For the foregoing reasons, Defendants' motion is GRANTED. Plaintiffs' Second Amended Complaint is DISMISSED. The court grants Plaintiffs leave to file a Third Amended Complaint if Plaintiffs so desire. The Third Amended Complaint must be filed on or before February 17, 2012. The court emphasizes that this will be Plaintiffs' last attempt to modify their complaint. The court also gives the following instructions:

(1) Plaintiffs have been unclear in referencing the parties (e.g. "Sony" or "Defendants") throughout the Second Amended Complaint. Plaintiffs must provide particular definition regarding which specific entity is alleged to have done what action.

(2) If an entity not named as a party in the complaint is alleged to have taken a violative action, Plaintiffs must also allege such facts that demonstrate vicarious liability of a particularly named Defendant. Any additional vague or ambiguous allegations relating to the identity of the parties will be disregarded in assessing whether a cause of action has been stated.

(3) In that the law requires a showing that a "party" committed the infringements, it is not sufficient to simply state that it was the music pass that did so. Such future references will also be disregarded in assessing the adequacy of the complaint.

(4) Plaintiffs are instructed to make each element of each claim, as addressed in their complaint, completely inclusive. In other words, if the pleading of an element requires the identification of a party, an allegation of the infringing action, or facts sufficient to establish a relationship between two entities, all such allegations must be addressed within that element of the claim with references to such exhibits as appropriate.

## CONCLUSION

As previously stated, Defendants' motion to dismiss is GRANTED.[2] If Plaintiffs elect to amend, both Defendants and Plaintiffs will then have an opportunity to respond in the normal course. Defendants' two motions for summary judgment are DENIED without prejudice, as being premature.[3] Plaintiffs' motion for case specific order for claim construction expert opinions, and limits on summary motions is likewise DENIED without prejudice, as being premature.[4]

DATED this 17th day of January, 2012.

BY THE COURT:

_____
Clark Waddoups
United States District Court Judge

---

[2] (Dkt. No. 124.)
[3] (Dkt. No. 127, 130.)
[4] (Dkt. No. 140.)