**PERKINS COIE LLP**
James C. Pistorino (admitted *pro hac vice*)
3150 Porter Drive
Palo Alto, CA 94304-1212
Telephone: (650) 838-4300
Facsimile: (650) 838-4350

**TELOS VG, PLLC**
Lee Saber (11020)
John Bogart (8305)
299 South Main, Suite 1300
Salt Lake City, UT 84111
Telephone: (801) 535-4304
Facsimile: (801) 210-2735

*Attorneys for Defendants and Counterclaim Plaintiffs
Sony Music Entertainment (f.k.a. Sony BMG Music
Entertainment) and Best Buy Stores, L.P.
(erroneously sued as Best Buy Co., Inc.)*

**HATCH, JAMES & DODGE, P.C.**
Brent O. Hatch (5715)
10 West Broadway, Suite 400
Salt Lake City, UT 84101
Telephone: (801) 363-6363
Facsimile: (801) 363-6666

*Attorneys for Defendants and
Counterclaim Plaintiffs FYE
(a.k.a. Trans World Entertainment)
and Target Corporation
(erroneously sued as Target Corporations)*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION**

| | |
|---|---|
| JAMES L. DRIESSEN, and MARGUERITE A. DRIESSEN,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>    vs.<br><br>SONY MUSIC ENTERTAINMENT; TARGET CORPORATION; BEST BUY CO., INC.; FYE (a.k.a. TRANS WORLD ENTERTAINMENT),<br><br>    Defendants and Counterclaim Plaintiffs. | **DEFENDANTS' MEMORANDUM IN SUPPORT OF JOINT MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**<br><br>Case No. 2:09-cv-00140<br><br>Judge Clark Waddoups<br>(Oral Argument Requested) |

Defendants Sony Music Entertainment, Target Corporation, Best Buy Stores, L.P., and FYE (collectively, "Defendants") hereby move the Court to dismiss nearly the entirety of Plaintiffs' Third Amended Complaint ("TAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state any claims of infringement for which relief can be granted, and moreover, because it fails to comply with this Court's instructions. (*See* Hearing on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (D.E. 117) at 35-37; Memorandum Decision and Order on Defendants' Motion to Dismiss Plaintiffs' Second Amended Complaint (D.E. 153) at 3-4.)

Plaintiffs' Third Amended Complaint is 91 pages long and alleges infringement of nine independent claims (eight of which are method claims) and 64 depending claims from three patents, U.S. Patent No. 7,003,500 ("the '500 Patent"), U.S. Patent No. 7,636,695 ("the '695 Patent") and U.S. Patent No. 7,742,993 ("the '993 Patent") (collectively, "the patents-in-suit"). The independent claims are: Claims 1 and 10 of the '500 Patent; Claims 1 and 6 of the '695 Patent; and Claims 1, 3, 5, 6, and 24 of the '993 Patent. The TAC itself refers to a group of the asserted claims as "mixed actor method claims." (*See*, *e.g.*, TAC ¶ 43.)

As with both the First Amended Complaint and the Second Amended Complaint, the Third Amended Complaint suffers from multiple defects, many of which are the result of trying to plead vaguely and implausibly to encompass every variation of infringement by any entity or combination of entities, regardless of whether there is factual support for such allegations. Such vague pleadings are not only insufficient to meet the pleading requirement set forth in Federal Rule of Civil Procedure 8(a)(2), but they also fail to comply with this Court's explicit instructions, as set forth at its April 20, 2011 hearing and in its January 17, 2012 Order. Consequently, and because this was Plaintiffs' "last attempt to modify their complaint," the Plaintiffs' Third Amended Complaint should be dismissed without leave to replead.

Concurrent with this motion, Defendants are refiling the motions for summary judgment of invalidity previously presented.

I.   PROCEDURAL BACKGROUND

On February 17, 2009, Plaintiffs filed the original Complaint in this case accusing Sony, Best Buy, Target, and FYE of infringing the '500 Patent through sales of the Platinum Music Pass product. Since that time, the following series of relevant pleadings has occurred:

| Date | Activity |
|---|---|
| **March 25, 2010** | Defendants move for summary judgment of invalidity |
| **August 10, 2010** | Markman/MSJ hearing, Driessens seek leave to amend |
| **November 8, 2010** | First Amended Complaint filed adding the '695 and '993 Patents |
| **November 24, 2010** | Defendants move to dismiss the FAC |
| **April 21, 2011** | Defendants' motion granted and FAC dismissed with leave to amend, MSJs denied w/o prejudice pending SAC |
| **May 20, 2011** | Second Amended Complaint filed |
| **June 2011** | Defendants move to dismiss the SAC and for summary judgment of invalidity |
| **January 17, 2012** | Defendants' motion granted and SAC dismissed with leave to amend, MSJs denied w/o prejudice pending TAC |
| **February 17, 2012** | Third Amended Complaint filed |

The January 17, 2012 Order dismissing the SAC granted Plaintiffs a final chance to amend their complaint. (Memorandum Decision and Order (D.E. 153) at 3.)

II.   DISCUSSION

For the convenience of the Court, the table below lists which entities are accused of directly infringing which independent claims of the patents-in-suit.

|  | Sony | Best Buy | FYE | Target |
|---|---|---|---|---|
| **'500 Patent** |  |  |  |  |
| Claim 1 | X | X | X | X |
| Claim 10 |  | X | X | X |
| **'695 Patent** |  |  |  |  |
| Claim 1 | X |  |  |  |
| Claim 6 | X |  |  |  |

|  | **Sony** | **Best Buy** | **FYE** | **Target** |
|---|---|---|---|---|
| **'993 Patent** |  |  |  |  |
| **Claim 1** |  | X | X | X |
| **Claim 3** | X |  |  |  |
| **Claim 5** | X |  |  |  |
| **Claim 6** |  | X | X | X |
| **Claim 24** | X | ? | ? | ? |

Question marks appear for Claim 24 of the '993 Patent as against the Retailers because, while Plaintiffs do not seek relief against the Retailers for that claim (*see* TAC, ¶¶ 63-70), factual allegations relevant to the Retailers are included in the TAC for that claim. In order to be comprehensive, the present motion assumes that Plaintiffs intended to accuse the Retailers of infringing Claim 24.

A. **Independent Claims**

1. **Claims Against Sony**

The TAC relies on contradictory, absent, and implausible allegations.

First come the contradictory allegations. In the present case, Plaintiffs plead that Sony directly infringes Claim 24 of the '993 Patent and seek a finding that Sony directly infringes Claim 24 of the '993 Patent. (*See* TAC, ¶¶ 65 ("directly infringed by Defendant Sony") and 192(A).) Elsewhere, however, Plaintiffs plead that they believe Sony does not sell the Platinum Music Pass,[1] and, therefore, Plaintiffs merely reserve the right to accuse Sony of direct infringement of Claim 24 of the '993 Patent if discovery shows differently. (*See* TAC, ¶ 116 ("Plaintiffs reserve the right to include Sony as a direct infringer").) The most stark example of implausibility is where the plaintiff pleads mutually exclusive allegations, as here. Even putting aside the contradictory nature of the legal allegations, Plaintiffs have not provided factual allegations to support the assertion that Sony directly infringes Claim 24 of the '993 Patent and/or have not provided Sony with notice of the basis for the relief requested.

---

[1] By itself, this statement contradicts statements made at the November 9, 2011 hearing on Defendants' earlier motion to dismiss. (Hrg. Tr. at 8:9-10 ("I think BMG does sell the Platinum Music Pass.").)

3

Next come the absent allegations. The TAC alleges that Sony directly infringes Claim 5 of the '993 Patent (a method claim) and seeks relief for the alleged infringement. (*See* TAC, ¶¶ 67, 192(A).) However, the 91 pages of the Complaint lack any factual allegation against Sony to support such a charge. Likewise, Claim 3 of the '993 Patent (a method claim) requires specifying a price "wherein payment of said price is through an in-person transaction at a retail point of sale location wherein said payment is designated for said product through said in-person transaction." Again, the Complaint is devoid of any factual allegation that Sony itself offers the Music Pass product for sale at retail locations where payment is made through an in-person transaction and/or that Sony receives payments designated for products through in-person transactions.[2] (*See* TAC, ¶ 96.)

Next come the implausible factual allegations. Claim 1 of the '500 Patent, a system claim, requires "a retail point of sale establishment" and "a customer access point at said retail point of sale establishment."[3] Plaintiffs allege that Sony directly infringes Claim 1. (*See* TAC ¶¶ 152-163.) Plaintiffs assert that Sony infringes this limitation by exercising control of the system by "requiring the use of a retail establishment for the distribution of the Music Pass, and Sony exercises control of the retail establishment to the extent necessary to obtain the beneficial use of the system enjoyed by Sony." (TAC ¶ 157.)[4] Plaintiffs' assertion that Sony directs and controls "a retail point of sale establishment" or "a customer access point at said retail point of sale establishment" by virtue of the existence of the accused Music Pass is implausible and is not

---

[2] Respectfully, Defendants are unable to follow Plaintiffs' allegations with respect to other elements of Claim 3. For example, the first clause requires "placing specific information on a plurality of distribution nodes on a distribution network ..." Plaintiffs' allegations related to this element are offered in paragraph 95 of the TAC. Simply put, Defendants are unable to follow Plaintiffs' allegations and what fact is alleged to correspond to these elements.

[3] Other claim elements include "means for accepting payment through an in-person transaction with a customer."

[4] Along these same lines, *see* TAC ¶ 158(ii) ("Even if none of these checkout stands or terminals exist in the store, Sony's payment system for itemized merchandise provides customer access points in retail establishments through doors and walkways to merchandise.").

4

sufficient to state a claim for relief.  *See Centillion Data Sys., LLC v. Quest Communications Int'l, Inc.*, 631 F.3d 1279, 1287 (Fed. Cir. 2011).  (*See also* D.E. 153 at 2-4.)

This same type of allegation is made with respect to Claims 1 and 6 of the '695 Patent (which are self-described as "mixed actor method claims") against Sony.  (TAC ¶¶ 43, 45, 67, 128-138, 192(A).)  Claims 1 and 6 require "providing customer access to a retail point of sale location."  The TAC does not allege that Sony performs this step.  Instead, the TAC alleges that the Retailers do, but that "[t]he Sony Platinum Music Pass itself is this instrumentality of direction or control so a direct agency relationship is not needed when the Music Pass instrumentality requires control of the technology or applications claimed, performed through collaboration, participation, combined actions, agency relationships, contractual obligations, exercising the ability to place the system as a whole into service, or other activities that create the ability or duty to control the activities of another."  (TAC ¶ 132.)  This is simply a charge that the legal standards for proving an agency relationship when the alleged infringer does not perform all the steps of a method claim do not apply to Plaintiffs and/or the implausible position that the sheer existence of the Music Pass product means that Sony controls what retailers do or do not do.  Again, this does not comply with the legal standard or this Court's Orders.  (D.E. 153 at 3.)

As set forth above, Plaintiffs' charge of direct infringement by Sony of Claim 1 of the '500 Patent, Claim 1 and 6 of the '695 Patent, and Claims 3, 5, and 24 of the '993 Patent (as well as all dependent claims) should be dismissed.

### 2. Claims Against The Retailers

Like the claims against Sony, the claims against the Retailers also fail to satisfy the pleading requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure, the Supreme Court precedent of *Iqbal* and *Twombly*, and this Court's specific instructions as set forth at its April 20, 2011 hearing and in its January 17, 2012 Order.  (*See* Hearing on Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (D.E. 117) at 37; Memorandum Decision and Order (D.E. 153) at 3-4.)

Claims 1, 6, and 24 of the '993 Patent require a "product comprising line itemized networked merchandise or line itemized downloadable media material objects." The TAC is devoid of factual allegations as to what allegedly corresponds to the "line itemized" limitation. (*See* TAC ¶¶ 84, 107, and 118.) Accordingly, the allegation of direct infringement of these claims (as well as all dependent claims) by the Retailers should be dismissed. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 570 (2007) ("plaintiff must plead sufficient factual allegations to show that he is plausibly entitled to relief"); *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940 (2009) ("while legal conclusions can provide the complainant's framework, they must be supported by factual allegations"). (*See also* Hrg. Tr. (D.E. 117) at 37 ("You also need to provide facts in terms of how … you believe the product works … in such a way that it reads upon each of the elements of the claims that you believe are violated."); Memorandum Decision and Order (D.E. 153) at 4 ("Plaintiffs are instructed to make each element of each claim, as addressed in their complaint, completely inclusive.").)

Plaintiffs also allege that the Retailers infringe Claim 1 of the '500 Patent by "using, selling, and offering to sell the Sony Platinum Music Pass system. (*See* TAC ¶ 154.) Infringement of a system claim occurs only when a party "put[s] the invention into service, *i.e.* control[s] the system as a whole and obtain[s] benefit from it." *Centillion Data Sys., LLC v. Qwest Communications Int'l, Inc.*, No. 10-1110, 2011 U.S. App. LEXIS 1117, *10 (Fed. Cir. Jan. 20, 2011) (citations omitted). The TAC is devoid of factual allegations that any of the Retailers put the Sony Music Pass system into service, control the system, or obtain benefit from it. (*See* TAC ¶¶ 155-163.) Indeed, rather than the Retailers, the TAC alleges that Sony is the party that exercises control. (*See*, *e.g.*, TAC ¶ 157 ("Therefore, Sony exercises control of the system …", "Retailers sell the Music Pass only as directed or controlled by Sony …".) Accordingly, the allegation of direct infringement of Claim 1 of the '500 Patent as against the Retailers should be dismissed. (*See* Memorandum Decision and Order (D.E. 153) at 4 ("[I]f the pleading of an element requires the identification of a party, an allegation of the infringing action, or facts sufficient to establish the relationship between two entities, all such allegations

6

must be addressed within that element of the claim with references to such exhibits as appropriate.").)

For the reasons set forth above, Plaintiffs' allegations of direct infringement against the Retailers should be dismissed.

### B. Dependent Claims

As noted above, the TAC alleges infringement of some 64 dependent claims. These claims are treated on pages 84-87 of the TAC. (*See* TAC ¶ 183.) This portion of the TAC fails to sufficiently state claims of infringement for at least two reasons.

First, this portion of the TAC merely refers to "Defendants" and the "Platinum Music Pass" and does not identify specific defendants accused of infringing each claim. Accordingly, the TAC violates this Court's January 17, 2012 Order with regard to instructions one ("Plaintiffs must provide particular definition regarding which specific entity is alleged to have done what action") and three ("the law requires a showing that a "party" committed the infringement, it is not sufficient to simply state that it was the music pass that did so").

Second, for most of the claims, Plaintiffs have simply repeated the claim limitation as a factual allegation. For example, Claim 3 of the '500 Patent states:

> The payment system of claim 1, wherein said customer access point at retail point of sale establishment, further comprises: a checkout, kiosk, cashier's station, cash register, self-check out, self-service, or other means of customer interaction with said retail point of sale establishment.

As best Defendants can discern, Plaintiffs' allegation related to Claim 3 is:

The types of customer access points at which Defendants sell the Sony Platinum Music Pass include at least one of a checkout, kiosk, cashier's station, cash register, self-check out, self-service, or other means of customer interaction with said retail point of sale establishment. (*See* TAC ¶ 183(a)(ii).)

That allegation simply repeats the claim element and does not allege facts. This pattern appears to be repeated for virtually all of the dependent claims and Defendants should not be put

7

to the task of trying to determine if some combination of allegations could result in a plausible charge of infringement from a sea of invalid allegations. The Supreme Court has held that it is insufficient for a plaintiff to simply enumerate unsupported legal conclusions or state a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

For both of these reasons, Plaintiffs' allegations of infringement of the dependent claims should be dismissed.

### C. Indirect Infringement

While the TAC includes vague allegations that Defendants contribute or induce infringement of the '500, '695 and '993 Patents (*see* TAC ¶ 59), factual allegations are provided only as against Sony (*see* TAC ¶¶ 180-82), and the only defendant against whom relief is sought for indirect infringement is Sony. (*See* TAC ¶ 192(D).) Accordingly, any claim of indirect infringement as against the Retailers should be dismissed. (*See* Memorandum Decision and Order (D.E. 153) at 3 ("Plaintiffs must provide particular definition regarding which specific entity is alleged to have done what action").)

Intent is a required element of both contributory and induced infringement. *Global-Tech Appliances, Inc. v. SEB S.A.*, 131 S. Ct. 2061, 2067-68 (2011). Accordingly, knowledge of the existence of the patent is required before there can be liability for indirect infringement. *Id*. The only relevant portions of the TAC appear to be the allegations contained in paragraphs 19-24, 61, and 180-182. Those paragraphs contain no mention of the '695 or '993 Patents. Indeed, paragraph 61 resorts to the vague phrase "'500 Patent Family." Because there are no factual allegations of knowledge of the '695 and '993 Patents, charges of indirect infringement of those patents by Sony should be dismissed.

With respect to the '500 Patent and Sony, the TAC merely alleges that:

(1) before the '500 Patent issued, Mr. Driessen notified Sony of his pending patent application and "notice of issue" (¶ 19); and

(2) after the '500 Patent issued, Mr. Driessen wrote to "various executives at Sony Group" (¶ 21).

The use of the phrase "Sony Group" appears to be intentionally vague in order for Plaintiffs to avoid naming the Sony entity with whom they allegedly communicated. At various times, Plaintiffs assert that they have communicated with "Sony Pictures Entertainment" and "Sony Corporation" both of which are different entities than Sony Music Entertainment, the defendant in this case. (TAC ¶ 2.) Thus, either the TAC fails to include factual allegations that the defendant in this case knew of the '500 Patent after it issued but before suit or the TAC is so vague that it does not provide notice to Sony of the basis for the allegations. Either way, the claim of indirect infringement by Sony of the asserted claims of the '500 Patent should be dismissed.

### III.  CONCLUSION

For the reasons set forth above, all of the asserted claims of the TAC, except Claim 10 of the '500 Patent should be dismissed.

Respectfully submitted,

Dated: March 19, 2012     By */s/ James C. Pistorino*
James C. Pistorino
PERKINS COIE LLP
Attorneys for Defendants/Counterclaim Plaintiffs
***SONY MUSIC ENTERTAINMENT and***
***BEST BUY STORES, L.P.***

Dated: March 19, 2012     By */s/ Brent O. Hatch*
Brent O. Hatch
HATCH, JAMES & DODGE, P.C.
Attorneys for Defendants/Counterclaim Plaintiffs
***FYE (a.k.a. TRANS WORLD ENTERTAINMENT) and***
***TARGET CORPORATION***

## CERTIFICATE OF SERVICE

    I hereby certify that on this 19th day of March, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further hereby certify that I have served via e-mail a copy of this document to the following non-CM/ECF participant:

| | |
|---|---|
| Marguerite A. Driessen | [ ] U.S. Mail |
| mad@driessenlaw.com | [ ] Federal Express |
| 305 North 1130 East | [ ] Hand Delivery |
| Lindon, UT  84042 | [ ] Telefacsimile |
| *Pro Se Plaintiff* | [X] Other (e-mail) |

                                        */s/ James C. Pistorino*
                                         James C. Pistorino

23151792

1