**PERKINS COIE LLP**
James C. Pistorino (admitted *pro hac vice*)
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone: (650) 838-4300
Facsimile:  (650) 838-4350

**TELOS VG, PLLC**
Lee Saber (11020)
John Bogart (8305)
Zachary Weyher (10846)
299 South Main, Suite 1300
Salt Lake City, UT  84111
Telephone:  (801) 535-4304
Facsimile:   (801) 210-2735

*Attorneys for Defendants and Counterclaim
Plaintiffs Sony Music Entertainment
(f.k.a. Sony BMG Music Entertainment) and
Best Buy Stores, L.P. (erroneously sued as
Best Buy Co., Inc.)*

**HATCH, JAMES & DODGE, P.C.**
Brent O. Hatch (5715)
10 West Broadway, Suite 400
Salt Lake City, UT  84101
Telephone:  (801) 363-6363
Facsimile:  (801)  363-6666

*Attorneys for Defendants and
Counterclaim Plaintiffs FYE
(a.k.a. Trans World Entertainment)
and Target Corporation
(erroneously sued as Target Corporations)*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JAMES L. DRIESSEN, and MARGUERITE A. DRIESSEN, <br><br>   Plaintiffs and Counterclaim Defendants, <br><br>   vs. <br><br> SONY MUSIC ENTERTAINMENT; TARGET CORPORATION; BEST BUY CO., INC.; FYE (a.k.a. TRANS WORLD ENTERTAINMENT), <br><br>   Defendants and Counterclaim Plaintiffs. | **DEFENDANTS' RESPONSE TO PLAINTIFFS' RULE 46 OBJECTION** <br><br> Case No. 2:09-cv-00140 <br><br> Judge Clark Waddoups |

Pursuant to the Court's Order of November 8, 2012 [Dkt #177], Defendants respond to Plaintiffs' Rule 46 Objection [Dkt #173] ("Objection") to the Court's Order on Defendants' Motion to Dismiss [Dkt #172] ("Order").

## I. BACKGROUND

As an initial matter the Defendants want to bring to the Court's attention the long history of pleading issues in this case when it issued its Order on October 23, 2012. That history led Defendants to believe that the Court had ordered a standard of pleading as a matter of case management and not as any reflection on the sufficiency, or lack thereof, of Form 18.[1]

Through the filing of the FAC, Plaintiffs had made a series of confusing, elliptical, and defective allegations with regard to a host of issues (e.g., claim construction and disqualification). At the hearing held on August 10, 2010, Plaintiffs objected to the Court holding the *Markman* hearing that Plaintiffs themselves had requested ("MR. DRIESSEN: Your Honor, we would object before we get started") and, when it appeared that the Court was going to rule on Defendants' motions for summary judgment of invalidity, Plaintiffs requested leave to amend. See Transcript of August 10, 2010 Hearing at 4 and 72. That resulted in the FAC which failed to identify any particular product as allegedly infringing, failed to allege pre-suit knowledge of the patents in support of indirect infringement, sought vague relief related to Standards Setting Organizations (SSO), and also sought relief barred as a matter of law. In response to Defendants' motion to dismiss, the Court acknowledged these defects and dismissed the FAC with leave to amend. In so doing, the Court specifically ordered the Plaintiffs to identify any asserted claims as well as the basis for the allegations of infringement (though not on an element-by-element basis). See Hearing Transcript at 37 ("At the end of the day, once

---

[1] Defendants note that Form 18 has been discussed by both Plaintiffs and Defendants and Defendants have never contended that Form 18 was inoperative. See, e.g., Dkt #s 93 and 99. Instead, Defendants have noted that the allegations made fail to comply with other legal standards, are contradictory, fail to comply with this Court's Orders, etc. While it is acknowledged that Form 18 is inconsistent with *Iqbal* and *Twombly*, as a result of Rule 84, it is deemed sufficient as a matter of law until amended.

you, assuming you're going to amend your complaint, you need to make it clear specifically what the products are that you believe are the infringing and accused products, you need to make it clear without necessity of reciting and quoting in the complaint each element and each claim asserted."). The Court also took care to warn Plaintiffs about vague and unsupported pleadings. *Id*. at 38 ("... you need to take sufficient time to make sure that you have taken sufficient care to clearly state the claims as you articulate them …").

In response, Plaintiffs filed a 61 page SAC which repeated the defective allegations with respect to SSOs. The SAC was also defective in at least two additional ways: 1) it alleged that different actors performed different steps of the method claims; and 2) was vague as to who was alleged to do what. Thereafter, Defendants again moved to dismiss because: 1) taken as true, Plaintiffs' allegations established no direct infringement as a matter of law and that also defeated indirect infringement allegations (under the then controlling case law); [2] and 2) the SSO allegations were a verbatim repetition of the previously dismissed defective allegations. At the hearing held on November 9, 2011, the Court attempted to tease out who was accused of what and it became clear that that could not be determined from the SAC. Indeed, at the hearing, Plaintiffs admitted that while the SAC used the term "defendants", only certain defendants were accused of infringing certain claims and that could not be determined from the SAC. [3] Thereafter, the Court granted Defendants' motion to dismiss with leave to amend. In so doing, the Court noted the long pendency of this case, the repeated vague allegations, and essentially ordered the Plaintiffs to comply with the Infringement Contention standard used by many courts (including other judges in this District). The Court's Order in this regard did not rely on Form

---

[2] November 9, 2012 Hearing at 18 ("THE COURT: Do you agree that you must allege direct infringement against at least one defendant in order for there to be a claim of indirect infringement against any other defendant? MR. DRIESSEN: Yes, your honor.").

[3] For example, relying on the SAC, Sony Music filed a motion for summary judgment of invalidity of numerous asserted claims. At the hearing on Defendants' motion to dismiss, Plaintiffs revealed that Sony Music was not even accused of infringing many of these claims.

18 and appeared to be based on simple practicality and trying to advance this case. See Dkt. #172.

That background leads to the 91 page TAC. While the TAC removed some of the defects, others continued and new defects were introduced. For example, the TAC introduced the idea that the sheer existence of the Platinum Music Pass product meant that Sony "controlled or directed" the Retailers and/or customers. Likewise, the TAC alleged that Sony "directed or controlled" claims that only the Retailers were alleged to directly infringe thereby defeating liability by the Retailers.[4] Further, the TAC failed to comply with the Court's Orders in multiple ways. Thus, Defendants, again, moved to dismiss.

Regardless of what Form 18 would have required a plaintiff to initially plead, by the fourth defective Complaint, Defendants believe a higher standard was appropriate, was within the Court's case management power, and was not an abuse of discretion. Moreover, if Plaintiffs do plead facts or make allegations, those facts or allegations have consequences, must comply with the appropriate legal standards and Defendants are not free to disregard them.

## II.   DISCUSSION

The Court's Order of October 23, 2012 relied heavily on two cases issued after briefing on Defendants' motion to dismiss completed: *In re Bill of Lading*[5] and *Akamai v. Limelight*.[6] Respectfully, Defendants believe that the Court would have benefited from briefing or argument on the issues raised by those cases, especially as applied to this case. While Defendants disagree with some of the conclusions about those cases (as well as the facts of this case) contained in the

---

[4] In its Order of October 23, 2012, the Court characterizes these statements as "gratuitous." Dkt. 172, p. 11. However characterized, these are representations that have not been withdrawn and continue to be made by Plaintiffs that "taken as true" would defeat liability. When reviewing the Complaint, Defendants are not free to credit some factual allegations and not credit others.

[5] *In re Bill of Lading Transmission and Processing System Patent Litigation ("In re Bill of Lading")*, 681 F.3d 1323 (Fed. Cir. 2012).

[6] *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 2012 U.S. App. LEXIS 18532 at *18 (Fed. Cir. Aug. 31, 2012).

Order of October 23, 2012, they will limit this response to the issues directly raised by Plaintiffs' filing.

### A.     This Court Properly Dismissed Plaintiffs' Contributory Infringement Claims

The Court's Order properly granted Defendants' Motion to Dismiss in part by dismissing Plaintiffs' Contributory Infringement counterclaims, both because (A) Plaintiffs' own allegations defeat its Contributory Infringement Claims, and (B) Plaintiffs failed to allege facts to support their Contributory Infringement claims.

#### 1.     Plaintiffs Own Allegations Defeat Its Contributory Infringement Claims

This Court's Order focused on Plaintiffs' failure to plead facts in support of its Contributory Infringement claim. This Court could also have dismissed Plaintiffs' Contributory Infringement claim on the grounds that Plaintiff's own allegations bar such a claim. Supreme Court and Federal Circuit precedent requires dismissal of Plaintiffs' Contributory Infringement claims based on Plaintiffs' own allegation that the Music Pass has substantial non-infringing uses. As set forth in *In re Bill of Lading*, "[w]here the product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie." *In re Bill of Lading*, 681 F.3d at 1337. Paragraph 182(b)(ii) through (iv) of the Third Amended Complaint ("TAC") alleges:

> ii.     The retail presentation component of Sony Platinum Music Pass is being made and offered by Sony directly and through their influence upon retailers and customers.
>
> iii.    The other components of the Music Pass (without the retail presentation component) ***do have substantial non-infringing uses***.
>
> iv.     However, the retail presentation of specific online digital rights component (i.e., wherever Music Pass standard products are sold at retail) has no substantial non-infringing uses.

TAC ¶ 182(b)(ii)-(iv) (emphasis added).  That is, Plaintiffs have asserted that the Sony Music Pass has a substantial non-infringing use, but that the Music Pass infringes when used in certain ways, such as in retail settings.  This is precisely the claim alleged by the Plaintiff in *In re Bill of Lading* that the Federal Circuit recently concluded required dismissal.

The court in *In re Bill of Lading* paraphrased the contributory infringement claim of the plaintiff in that case as "say[ing] nothing more than 'if you use this device to perform the patented method, the device will infringe and has no noninfringing uses.'"  *In re Bill of Lading*, 681 F.3d at 1338.  That is what Plaintiff claims here but, as the *In re Bill of Lading* court notes, "that is not the relevant inquiry.  For purposes of contributory infringement, the inquiry focuses on whether the accused products can be used for purposes *other than* infringement."  By Plaintiffs' own admission, the Sony Music Pass can be used for purposes other than infringement, and dismissal is required.  *Id*. ("Where a product is equally capable of, and interchangeably capable of both infringing and substantial non-infringing uses, a claim for contributory infringement does not lie.").

### 2. Plaintiffs Failed to Allege Facts to Support Their Contributory Infringement Claims.

This Court's Order also properly dismissed Plaintiffs' Contributory Infringement claims on the grounds that Plaintiffs failed to "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses."  Dkt. 172, p. 15 (quoting *In re Bill of Lading*, 681 F.3d at 1337).  Plaintiffs' contention that it cannot be required to plead facts to support this necessary element of its Contributory Infringement claims simply argues that the pleading requirement set forth in *In re Bill of Lading* is improper.  That is, Plaintiffs' Objection simply protests that the rule announced by the Federal Circuit in *In re Bill of Lading* is "illogical"—not that this Court improperly applied it.  *In re Bill of Lading* specifically requires Plaintiffs to "***plead facts*** that allow an inference that the components sold or offered for sale ***have no substantial non-infringing uses***."  *In re Bill of Lading*, 681 F.3d at 1337 (emphasis

added). This Court properly found that the TAC contains no such facts and the Contributory Infringement claims were properly dismissed.

### B.     Plaintiffs' Request for Dismissal Without Prejudice

As background, parties have no property right in the individual claims of patents. Instead, property rights are limited to the patent as a whole (*see* 35 U.S.C. § 261) and the Patent Statute creates a single cause of action for infringement of a patent (not a claim) (*see* 35 U.S.C. § 281). *See, e.g., Ethicon, Inc. v. U.S. Surgical Steel Corp.*, 135 F.3d 1456, 1465-66 (Fed. Cir. 1988) ("[S]ection 261 continues to provide that 'patents shall have the attributes of personal property.' This provision suggests that property rights, including ownership, attached to patents as a whole, not individual claims."). Thus, patentees cannot sell or license individual claims of a patent. *See Waterman v. McKenzie*, 138 US 252, 11 S. Ct. 334 (1891). Nor can patentees file as many lawsuits as they have claims in a patent naming the same accused product/activity and the same defendants.

Plaintiffs' statement that: "… Plaintiffs and Defendants both have indicated that the use of representative claims will assist in the litigation …" is not correct. See Dkt. #173, p. 8. Defendants have never proposed "representative claims." All that has happened is that Defendants sought dismissal of all claims asserted in the TAC (except one) and Plaintiffs indicated that they only opposed with regard to four of the claims. Defendants subsequently relied on that statement in preparing their Reply. See Dkt. #165. Likewise, the Court relied on that statement in crafting its Order. See Dkt #172 at 2 ("In the course of the briefing on Defendants' current Motion to Dismiss, Plaintiffs further honed their claims down to four independent claims …").

Though they did not oppose Defendants' motion with regard to 69 of the 73 asserted claims, Plaintiffs seek to preserve the opportunity to re-litigate the other 69 claims against the same accused product/activity. Dkt. #173. As noted above, Defendants believe that if any one claim of a patent is litigated and a final judgment entered, then Plaintiffs are barred from

6

litigating other claims from that same patent against the same accused product/activity. By addressing that matter here, Defendants should be spared additional litigation by Plaintiffs re-asserting the other 69 claims dismissed here. In such circumstances, dismissal with prejudice is appropriate.

Respectfully submitted,

Dated: December 5, 2012              By:      /s/ James C. Pistorino
                                     James C. Pistorino
                                     PERKINS COIE LLP

                                     *Attorneys for Defendants/Counterclaim Plaintiffs*
                                     ***SONY MUSIC ENTERTAINMENT and***
                                     ***BEST BUY STORES, L.P.***

Dated: December 5, 2012              By:      /s/ Brent O. Hatch
                                     Brent O. Hatch
                                     HATCH, JAMES & DODGE, P.C.

                                     *Attorneys for Defendants/Counterclaim Plaintiffs*
                                     ***FYE (a.k.a. TRANS WORLD***
                                     ***ENTERTAINMENT) and TARGET***
                                     ***CORPORATION***

## CERTIFICATE OF SERVICE

       I hereby certify that on December 5, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further hereby certify that I have served via e-mail a copy of this document to the following non-CM/ECF participant:

| | |
|---|---|
| Marguerite A. Driessen | [ ] U.S. Mail |
| mad@driessenlaw.com | [ ] Federal Express |
| 305 North 1130 East | [ ] Hand Delivery |
| Lindon, UT  84042 | [ ] Facsimile |
| | [X] Other (e-mail) |

*Pro Se Plaintiff*

                                                    */s/ James C. Pistorino*
                                                     James C. Pistorino

LEGAL25316083.2