IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES L. DRIESSEN, MARGUERITE A. DRIESSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>SONY MUSIC ENTERTAINMENT, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING PLAINTIFFS' RULE 46 OBJECTION**<br><br>Case No.  2:09-cv-0140-CW<br><br>Judge Clark Waddoups |

The court has reviewed Plaintiffs' Rule 46 Objection (Dkt. No. 173) to its Memorandum Decision and Order dated October 23, 2012 (the "Order") (Dkt. No. 172) and related briefing. For the reasons stated below, the court GRANTS Plaintiff's Objection and VACATES those portions of the Order granting Defendants' Motion to Dismiss (Dkt. No. 157) as to certain of Plaintiffs' claims.

## BACKGROUND

After briefing on Defendants' Motion to Dismiss but before oral argument, the Federal Circuit issued decisions in two cases directly controlling issues in the Motion to Dismiss: *In re Bill of Lading*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) and *Akamai Techs., Inc. v. Limelight Networks, Inc.*, 692 F.3d 1301 (Fed. Cir. 2012). The holdings in those cases provided sufficient guidance on the issues under contention in the briefing on Defendants' Motion to Dismiss that oral argument was unnecessary in resolving the Motion. The court therefore cancelled oral argument on the Motion and issued its Order (Dkt. No. 172).

In its Order, the court dismissed Count A with respect to Claims 1 and 6 (but not Claim 5) of the '993 Patent and Count B with respect to Claims 1 and 6 of the '695 Patent on the basis that the parties had voluntarily narrowed the claims through the briefing on the Motion to Dismiss. The court denied the Motion to Dismiss as to the direct infringement and indirect infringement by inducement claims. (*Id.* at 3-15.) As to the contributory infringement claim, the court granted the Motion to Dismiss on the basis that the Third Amended Complaint "does not plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses." (*Id.* at 15 (quoting *In re Bill of Lading*, 681 F.3d at 1337).)

Plaintiffs objected to the Order on the grounds that (1) in its treatment of contributory infringement, the court went "beyond the standard articulated in *In re Bill of Lading*" (Pls.' Rule 46 Obj. 3 [Dkt. No. 173]); and (2) the court erred in finding that the parties had voluntarily narrowed the claims, explaining that "Plaintiffs' memorandum clearly discussed that the four claims [to which the court narrowed the case] would be better representative claims than Claim 10, as to only the *issues* identified by Defendants." (Pls.' Reply Rule 46 Obj. 4 n.6 [Dkt. No. 183] (emphasis in original).)

## DISCUSSION

The court finds both of Plaintiffs' objections well taken and therefore vacates its Order to the extent inconsistent herewith based on these technical points.

**A.     Contributory Infringement**

Although the court accurately quoted *In re Bill of Lading* in its analysis of contributory infringement, Plaintiffs are correct that the court's application of the rule in the particular context of the facts of this case effectively heightened the pleading standard for a contributory infringement claim to an essentially impossible level. The court inadvertently subjected Plaintiffs

to a requirement to "plead facts of the non-existence of staples of commerce as components of the infringing instrumentality," effectively requiring Plaintiffs to "plead facts to prove the non-existent contents of a 'null' set." (Pls.' Rule 46 Obj. 3 [Dkt. No. 173].) "Not only is it logically impossible to describe in detail that which does not exist, a 'null set pleading requirement' also is a misinterpretation of Section 271(c)." (*Id.*)

Plaintiffs observed that, although it is true that contributory infringement claims were dismissed in *In re Bill of Lading* because the complaints did not "plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing uses," 681 F.3d at 1337, this must be read with a focus on the *inference* referred to there and in light of the affirmative pleadings elsewhere in those complaints and their attachments. (Pls.' Rule 46 Obj. 4 [Dkt. No. 173].) Specifically, the district court in *In re Bill of Lading* had found that "the amended complaints failed to state a claim for contributory infringement because the facts alleged demonstrated that the [defendants'] products *do* have substantial non-infringing uses"; thus, "affirmative allegations of fact in the amended complaints defeated any claim of contributory infringement." *In re Bill of Lading*, 681 F.3d at 1337 (emphasis in original). The Federal Circuit affirmed, holding that "[b]ecause the amended complaints actually make clear on their face that [defendants'] products *do* have substantial non-infringing uses, [plaintiff] has not stated a claim for contributory infringement against any of the [defendants]." *Id.* at 1339.

Here, though the Plaintiffs' various iterations of their Complaint have been problematic in some respects, they do not suffer from this fatal flaw in pleading contributory infringement. In an attempt to align this case with the factual posture of *In re Bill of Lading* on this point, Defendants point out that the Third Amended Complaint includes the allegation that "[t]he other components of the Music Pass (without the retail presentation component) do have substantial

3

non-infringing uses." (Defs.' Resp. Pls.' Rule 46 Obj. 4 [Dkt. No. 182] (quoting ¶ 182(b)(iii) of the Third Complaint [Dkt. No. 154]).) This allegation in context, however, cuts against Defendants' argument, especially compared to *In re Bill of Lading*. In short, this allegation, when read with the surrounding paragraphs, strengthens Plaintiffs' argument that when Plaintiffs' invention is taken as a whole (i.e. including the key "retail presentation component"), it has no substantial non-infringing uses, which Plaintiffs then also affirmatively allege in the next paragraph. (*See* Third Complaint ¶ 182(b)(iv) [Dkt. No. 154].) And Plaintiffs' Third Amended Complaint does not affirmatively plead facts showing, on the face of the Complaint, that Defendants' "products *do* have substantial non-infringing uses," as in *In re Bill of Lading*.

The court agrees with Plaintiffs' argument that *In re Bill of Lading* does not establish a requirement for plaintiffs to plead a null set under the plausibility standard of *Twombly* and *Iqbal*—that it is impossible to "plead with specificity something that does not exist" and that such an outcome is therefore "illogical." (Pls.' Rule 46 Obj. 5 [Dkt. No. 173].) Accordingly, the court finds that *In re Bill of Lading* requires Plaintiffs to affirmatively plead no substantial non-infringing uses. Where Plaintiffs have not undermined that allegation with allegations of other substantial non-infringing uses elsewhere in the Complaint, as in *In re Bill of Lading*, the court has no basis to find, as in *In re Bill of Lading*, that Plaintiffs have not alleged no substantial non-infringing uses sufficiently for the court to draw a plausible inference of contributory infringement. The court therefore modifies its Order, vacating its dismissal of the contributory infringement claims and DENYING Defendants' Motion to Dismiss as to those claims as well.

**B.     Representative Claims**

The court erred in dismissing with prejudice Count A with respect to Claims 1 and 6 of the '993 Patent and Count B with respect to Claims 1 and 6 of the '695 Patent on the basis that

the parties had voluntarily narrowed the claims through the briefing on the Motion to Dismiss. In making this finding, the court agrees with Defendants that it "would have benefitted from argument" at least on this issue. (*See* Defs.' Resp. Pls.' Rule 46 Obj. 3 [Dkt. No. 182].) Had oral argument proceeded the court would have naturally asked Plaintiffs to confirm that they were "not opposed to narrowing the subjects of claim construction or other substantive issues in the litigation to a few representative claims and issues," (Pls.' Opp. Mot. Dismiss 11 [Dkt. No. 161]), and if Defendants were therefore correct in arguing that "[i]n light of Plaintiffs' non-opposition, the Court need conduct no further analysis to grant Defendants' motion as to all the other asserted claims." (Defs.' Reply Mot. Dismiss 1 [Dkt. No. 165].) Plaintiffs would have surely objected to Defendants' characterization of Plaintiffs' willingness to use "representative" claims as a "non-opposition" to the Motion to Dismiss on claims other than those listed by Plaintiffs as possible "representative" claims in response to Defendants' argument that resolution of a single claim (Claim 10 of the '500 Patent) would be adequate as "outside the bounds of legitimate advocacy," as in *Panduit Corp. v. Dennison Mfg. Co., Inc.* when a similar argument was attempted. 836 F.2d 1329, 1331 (Fed. Cir. 1987) ("[t]he term 'representative claims' is well understood in patent litigation" and means that a resolution of the issues with respect to a representative claim of a patent is a resolution with respect to all asserted claims of that patent).

As Plaintiffs argue, "[t]his practice of litigating 'representative' claims in patent litigation is to help narrow *Markman* issues for claim term construction purposes and to insure that juries are not overburdened at trial, being forced to decide redundant and recurrent issues in multiple patent claims throughout the case. It makes little sense to proceed (possibly to trial) with respect to all asserted claims, when resolution of only a few issues may resolve the dispute between the parties with respect to all the claims." (Pls.' Rule 46 Obj. 7 [Dkt. No. 173].) This is a well-

established mechanism to streamline and simplify the claim construction and trial of patent cases. *See, e.g.*, *Thomson S.A. v. Quixote Corp.*, 166 F.3d 1172, 1173 (Fed. Cir. 1999); *Panduit*, 836 F.2d at 1330-31; Patricia E. Campbell, *Representative Patent Claims: Their Use in Appeals to the Board and in Infringement Litigation*, 23 SANTA CLARA COMP. & HIGH TECH. L.J. 55 (2006). That is the sense in which Plaintiffs agreed to "narrow the litigation to the genuinely disputed issues in this matter" by using the claims they alternatively suggested (Claim 3 of the '993 Patent, Claim 24 of the '993 Patent, Claim 1 of the '500 Patent, and Claim 10 of the '500 Patent) as "representative." (Pls.' Opp. Mot. Dismiss 11 [Dkt. No. 161].)

Plaintiffs continue to express a willingness to submit to such a case management technique under the court's power to recommend such an approach. "Plaintiffs are not opposed to the process of selecting representative claims, focusing the issues in this case" but object "to the dismissal with prejudice of claims not chosen as representative." (Pls.' Reply Rule 46 Obj. 3 [Dkt. No. 183].) The court therefore orders that these claims be deemed "representative" from a case management perspective, with issue preclusive effect as to common elements between the representative and non-representative claims. *See Panduit*, 836 F.2d at 1331; *cf. Northpoint Technology, Ltd. v. MDS America, Inc.*, 413 F.3d 1301, 1312-13 (Fed. Cir. 2005). Accordingly, the court modifies its Order, vacating its dismissal with prejudice of Count A with respect to Claims 1 and 6 of the '993 Patent and Count B with respect to Claims 1 and 6 of the '695 Patent.

## CONCLUSION

The court grants Plaintiffs' Rule 46 Objections with the effect of modifying its Order (Dkt. No. 172) to DENY, in full, Defendants' Motion to Dismiss (Dkt. No. 157).

SO ORDERED this 22nd day of August, 2013.

BY THE COURT:

Clark Waddoups
United States District Court Judge