**PERKINS COIE LLP**
James C. Pistorino (admitted *pro hac vice*)
3150 Porter Drive
Palo Alto, CA  94304-1212
Telephone: (650) 838-4300
Facsimile:  (650) 838-4350

**TELOS VG, PLLC** Lee Saber (11020)
John Bogart (8305)
299 South Main, Suite 1300
Salt Lake City, UT  84111
Telephone:  (801) 535-4304
Facsimile:   (801) 210-2735

*Attorneys for Defendants and Counterclaim Plaintiffs Sony Music Entertainment (f.k.a. Sony BMG Music Entertainment) and Best Buy Stores, L.P. (erroneously sued as Best Buy Co., Inc.)*

**HATCH, JAMES & DODGE, P.C.**
Brent O. Hatch (5715)
10 West Broadway, Suite 400
Salt Lake City, UT  84101
Telephone:  (801) 363-6363
Facsimile:  (801)  363-6666

*Attorneys for Defendants and Counterclaim Plaintiffs FYE (a.k.a. Trans World Entertainment) and Target Corporation (erroneously sued as Target Corporations)*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| JAMES L. DRIESSEN, and MARGUERITE A. DRIESSEN,<br><br>    Plaintiffs and Counterclaim Defendants,<br><br>vs.<br><br>SONY MUSIC ENTERTAINMENT; TARGET CORPORATION; BEST BUY CO., INC.; FYE (a.k.a. TRANS WORLD ENTERTAINMENT),<br><br>    Defendants and Counterclaim Plaintiffs. | **RESPONSE TO PLAINTIFF'S RULE 46 OBJECTION**<br><br>Case No. 2:09-cv-00140<br><br>Judge Clark Waddoups |

Pursuant to the Court's Order of September 25, 2013, Defendants and Counter-claim Plaintiffs Sony Music Entertainment ("Sony"), Target Corporation ("Target"), FYE (a.k.a. Trans World Entertainment), and Best Buy Stores, L.P. ("Best Buy") (collectively "Defendants") respond to Plaintiffs filing of September 22, 2013.  It is difficult to follow what, exactly, Plaintiffs seek by their filing.  As best Defendants can follow it, Plaintiffs:

1) object to the use of Claims 1 and 10 of the '500 patent and Claims 3 and 24 of the '993 patent as representative claims (though Plaintiffs proposed them); and

2) object to claim construction without delay for further fact discovery (though Plaintiffs did not make use of discovery when available, stipulated to staying discovery, and requested claim construction without further fact discovery).

Defendants believe that Plaintiffs are merely opposed to any course of conduct by which the validity (or lack thereof) of Plaintiffs' claims will be assessed and continually seek to propose alternative procedures to delay that day of reckoning.

Defendants believe that the Court should simply order a schedule along the lines discussed at the September 12, 2013 hearing and submitted as an agreed proposed order.[1]

### A.    Plaintiffs Proposed The Four Claims As Representative, Which The Court Adopted

In March 2012, Defendants moved to dismiss 72 of the 73 claims asserted in the Third Amended Complaint (TAC).  Plaintiffs' response closed with the following:

---

[1] By way of background, the parties proceeded with the first step of the proposed process. On Thursday, September 19, 2013, Plaintiffs provided alleged priority dates for the claims but did not offer any terms for construction or proposed constructions. Defendants provided both terms for construction and proposed constructions, where they felt that construction was possible. On Saturday, September 21, the parties met and conferred and Plaintiffs indicated that they opposed nearly all of Defendants' proposed constructions, including terms previously submitted to the Court as agreed (e.g., "cryptographic keys").

1

> Defendants propose to reduce the litigation to just Claim 10 of the '500 patent. Plaintiffs are not opposed to narrowing the subjects of claim construction or other substantive issues on the litigation to a few representative claims and issues.  However, claim 10 of the '500 patent may not adequately resolve all the pertinent issues in this case.  Addressing Claim 3 of the '993 patent (which is a Produced Focused method claims), Claim 24 of the '993 Patent (which is a Seller Focused method claim), and Claim 1 of the '500 patent (which is the sole system claim asserted) may best serve to narrow the litigation to the genuinely disputed issues in this matter, and *Plaintiffs are not opposed to using <u>those</u> claims as representative.*

Dkt # 161 at 11 (emphasis added).  Defendants relied on that statement in drafting their Reply and the Court did as well in fashioning its Order of October 10, 2012. Dkt # 172 at 2 ("In the course of the briefing on Defendants' current Motion to Dismiss, Plaintiffs further honed their claims down to four independent claims: Claims 1 and 10 of the '500 Patent and Claims 3 and 24 of the '993 Patent.").  The Court then dismissed all the other claims with prejudice.

As a result of other papers filed by Plaintiffs,[2] the Court subsequently cited to Plaintiffs' same statement in holding that Claims 1 and 10 of the '500 patent and Claims 3 and 24 of the '993 patent were deemed "representative" of the 69 other asserted claims in this case and withdrawing the dismissal with prejudice of all the other claims. Dkt # 184 at 6 ("The court therefore orders that these claims be deemed 'representative' from a case management perspective, with issue preclusive effect as to common elements between the representative and

---

[2] When the word "'representative" was first used in Plaintiffs' response to Defendants' Motion to Dismiss, Defendants (and apparently the Court) understood that Plaintiffs were merely electing to pursue the four identified claims and no longer intended to pursue the other unelected claims.  That is why Defendants pursued dismissal of the unelected claims with prejudice, which the Court granted.  After the Court dismissed the unelected claims, subsequent briefing by Plaintiffs made clear that Plaintiffs' response to the motion to dismiss was more of a counter-proposal than an opposition.  Plaintiffs truly were urging the Court to adopt a representative claims approach and cited *Panduit Corp. v. Dennison Mfg. Co.,* 836 F.2d 1329, 1330-31 (Fed. Cir. 1987) in support.  Dkt # 173 at 7.  The Court thereafter adopted Plaintiffs' proposal to use Claims 1 and 10 of the '500 patent and Claims 3 and 24 of the '993 patent as representative claims within the meaning of *Panduit* and also reinstated the unelected claims.  Dkt # 184 at 6.

2

non-representative claims.").[3]  The matter was again raised during the September 12, 2013 hearing.  Transcript at 12  ("THE COURT: Well, we're already down to the point where we have representative claims. We've crossed that bridge.").

Plaintiffs' current argument that due process would be violated if the Court adopted *Plaintiffs'* proposal is curious.  Dkt # 190 at 11.  First, the cases cited by Plaintiffs do not say what Plaintiffs offer.[4]  Second, whether the Court could simply issue an order limiting the number of asserted claims to some arbitrary number - the Court could[5] - is not relevant because the Court has not done that.  Instead, Plaintiffs have proposed that 4 claims be treated as representative of the 73 asserted claims and the Court has adopted Plaintiffs' proposal.

In their filing of September 22, 2013, Plaintiffs object to the use of the very representative claims that Plaintiffs proposed the Court adopt and which the Court did adopt.  Having urged the Court to adopt a course of conduct, Plaintiffs should not be heard to complain when the Court does so.

---

[3] Plaintiffs' statements about *Northpoint Tech., Ltd. v. MDS America, Inc.*, 413 F.3d 1301, 1312-13 (Fed. Cir. 2005) are not correct. Dkt #190 at 8. The Federal Circuit did not hold that a finding of invalidity of representative claims did not extend to non-representative claims.  Instead, the Federal Circuit held that the finding of invalidity of the representative claims did not extend to "unasserted" claims.  *Northpoint*, 413 F.3d at 1312-13.

[4] Plaintiffs' citation to *Fractus S.A. v. Samsung Elec. Co., Ltd*, No. 6:09- cv-203 876 F. Supp. 2d 802, (E.D. Tex. March 8, 2010), is inapposite.  There, no "representative claims" were proposed or adopted.  Instead, Samsung sought an order limiting the plaintiff to a certain number of claims without regard to whether they were representative or not.  By contrast, in the present case, Plaintiffs urged the Court to adopt Claims 1 and 10 of the '500 patent and Claims 3 and 24 of the '993 patent as representative of the other asserted claims and the Court did so.

[5] *See e.g., Masimo Corp. v. Phillips Elec., N.A. Corp.*, 918 F.Supp.2d 277,  282 (D. Del. 2013) ("A district court has inherent authority to reasonably limit both the number of claim terms to be construed and the number of claims the parties may assert.", *citing In re Katz*, 639 F.3d 1303 (Fed. Cir. 2011)).

B.    **Plaintiffs' Numerous Requests For a *Markman* Hearing**

In addition to objecting to the very representative claims Plaintiffs proposed, Plaintiffs also appear to object to the claim construction Plaintiffs requested.

On February 25, 2010, March 14, 2010, July 29, 2011, and September 8, 2012, Plaintiffs requested that the Court hold a *Markman* hearing.  See Dkt #54, Dkt #55, Dkt #141, and Dkt #169.  The first two requests by Plaintiffs were made when only the '500 patent was asserted and the last two requests were made after Plaintiffs asserted the '695 and '993 patents as well.  None of these requests were conditioned on an alleged need for discovery.[6]  Indeed, Plaintiffs' July 29, 2011, filing requested a *Markman* hearing at "the first available court scheduling opportunity[.]"[7] Dkt # 140 at 3.  While Defendants have offered that the Court simply take up the pending motions for summary judgment, the Court has proceeded as requested by Plaintiffs and scheduled *Markman* proceedings with summary judgment motions pending simultaneously.

Having urged the Court to adopt a course of conduct, Plaintiffs should not be heard to complain when the Court does so.

---

[6] This case was filed on February 17, 2009.  Pursuant to the Rules, discovery in this case could have commenced almost anytime thereafter.  However, discovery opened certainly no later than August 10, 2009, when the parties were required to submit an Attorney Planning Report in response to this Court's Order of July 9, 2009.  From November 2009- February 2010, a full claim construction process with respect to the asserted claims of the '500 patent was carried out.  In March 2010, Defendants filed two motions for summary judgment of invalidity.  With their oppositions, Plaintiffs first sought discovery of any kind when they served Requests for Production and Admission and Interrogatories on April 22, 2010.  Thus, discovery was available for at least an eight (8) month period and Plaintiffs took none.  While serving their first discovery in late April 2010, Plaintiffs then stipulated to staying all discovery until the Court addressed Defendants pending motions for summary judgment (the same motions for summary judgment that are still before the Court).

[7] As the party alleging infringement, Plaintiffs were required to have a good faith basis for so alleging (FED.R.CIV.P. 11) and should not now be heard to complain that they do not have a basis for addressing the claims.  In addition, Defendants note that Plaintiffs served Infringement Contentions with respect to the asserted claims of the '500 patent in December 2009.  Finally, of course, it is error to construe the claims in light of the accused device/activity.  *See, e.g., SRI Int'l v. Matsushita Elec. Corp. of Amer.*, 775 F.2d 1107, 1118 (Fed. Cir. 1985).

### C.     Plaintiffs Other Comments

Putting aside Plaintiffs' shifting desires with respect to representative claims, Plaintiffs' other comments are off base. Plaintiffs appear to contemplate multiple rounds of *Markman* hearings. Dkt # 190 at 2. There is no reason for such an approach, which would only dramatically increase costs and delay. If Plaintiffs have terms they want construed, then they should propose them/should have proposed them along with constructions.[8] Plaintiffs also assert that there is some separation between alleged infringement and invalidity. Dkt # 190 at 2 ("… potential second *Markman* hearing for claim construction as to infringement."), 9 ("… improperly comingle issues of patent validity with issues of patent infringement."). Defendants do not know what Plaintiffs are referring to. The meaning of the words in the claims does not depend on whether alleged infringement or validity are being assessed. Indeed, the very idea of the patent claims is that the public can read them and know whether or not something would infringe *before* engaging in the allegedly infringing activity.

Having advocated for "representative claims", if all of those claims are determined to be invalid, then each of the asserted claims will also be determined to be invalid. Similarly, if Defendants are found to infringe the representative claims, they will also have been found to infringe the other asserted claims and will not be able to challenge them individually. *See Panduit*.

---

[8] However, Defendants note that Plaintiffs previously requested that the Court construe the words "at", "of", "is", "an", "or", "a", "for", "on", "in", "to", "from" and "not", among others. See Dkt # 48. That is not productive. The Court's resources and time in reviewing claim construction issues, conducting a *Markman* hearing, and issuing an opinion should be used wisely. Consistent with efficiency, as many dispositive claim construction issues as possible should be resolved at a single *Markman* hearing in order to resolve the issues in this case.

5

**D.     Conclusion**

The Court should issue an Order along the lines of the agreed proposed schedule submitted after the September 12, 2013 status conference.

Dated:  October 4, 2013                    Respectfully submitted,

                                           By:     /s/ James C. Pistorino
                                                 James C. Pistorino
                                                 PERKINS COIE LLP

                                           *Attorneys for Defendants/Counterclaim Plaintiffs*
                                           ***SONY MUSIC ENTERTAINMENT and***
                                           ***BEST BUY STORES, L.P.***


Dated:  October 4, 2013                    By:     /s/ Brent O. Hatch
                                                 Brent O. Hatch
                                                 HATCH, JAMES & DODGE, P.C.

                                           *Attorneys for Defendants/Counterclaim Plaintiffs*
                                           ***FYE (a.k.a. TRANS WORLD***
                                           ***ENTERTAINMENT) and TARGET***
                                           ***CORPORATION***

6

## CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and further hereby certify that I have served via e- mail a copy of this document to the following non-CM/ECF participant:

| | |
|---|---|
| Marguerite A. Driessen<br>mad@driessenlaw.com<br>305 North 1130 East<br>Lindon, UT  84042 | *Pro Se Plaintiff*<br>*Via Email* |

                                                  */s/ James C. Pistorino*
                                                  James C. Pistorino