**JAMES L. DRIESSEN, PRO SE, jd@driessenlaw.com, USB #09473**
**MARGUERITE A. DRIESSEN, PRO SE**, mad@driessenlaw.com
305 N 1130 E, LINDON, UT 84042
PHONE (801)796-6924
FAX (801)785-2744

# UNITED STATES DISTRICT COURT

District of Utah, Central Division

| | |
|---|---|
| James L. Driessen and Marguerite A. Driessen,<br><br>Plaintiffs<br><br>v,<br><br>Sony Music Entertainment, et. al.,<br>Defendants | **PLAINTIFFS JOINT MOTION TO STRIKE NEW GROUNDS FOR RELIEF MADE IN A REPLY MEMORANDUM**<br><br>**OR**<br><br>**REQUEST SUR-REPLY IN THE ALTERNATIVE**<br>**RE: DEFENDANTS' REPLY IN SUPPORT OF CLAIM CONSTRUCTION BRIEF AND MOTIONS FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON INDEFINITENESS AND WRITTEN DESCRIPTION**<br><br>CASE NUMBER:  2:09-cv-00140<br>Judge: Clark Waddoups |

**SPECIFIC GROUNDS**

1. "DEFENDANTS' JOINT RENOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON WRITTEN DESCRIPTION" (Dkt. 160) was simply a notice of their renewal of their previous March 25, 2010 (Dkt. 56-57) and June 23,

1

2011 (Dkt.131) motions on the same grounds, which were previously denied without prejudice.[1]

2. Defendants June 23, 2011 motion (Dkt. 131, hereafter "Motion") contained many statements of fact mixed with argument in an apparent attempt to create several double edge sword allegations (with both favorable and unfavorable consequences of admitting or denying).

3. Defendants did list some numbered facts in their Motion, particularly in section III Dkt. 131, on page 5, they listed a set of 21 numbered facts, but did not follow the format required in Rule DUCivR 56-1(b), which provides:

> "A section entitled "Statement of Elements and Undisputed Material Facts" that contains the following:
> (A) Each legal element required to prevail on the motion;
> (B) Citation to legal authority supporting each stated element (without argument);
> (C) Under each element, a concise statement of the material facts necessary to meet that element as to which the moving party contends no genuine issue exists. Only those facts that entitle the moving party to judgment as a matter of law should be included in this section. Each asserted fact must be presented in an individually numbered paragraph that cites with particularity the evidence in the record supporting each factual assertion (e.g., deposition transcript, affidavit, declaration, and other documents)."   DUCivR 56-1(b)

4. Because Defendants neither followed the required format, nor gave any legal elements to indicate a basis for their factual contentions, Plaintiffs specifically so stated in their first "MEMORANDUM OF OPPOSITION RE: DEFENDANTS' JOINT NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON WRITTEN

---

[1] Defendants also alleged that Plaintiffs had not (and insinuated Plaintiffs would not) depose Defendants' expert, George Schurle.  At the time of filing their responsive pleading, Defendants already knew and agreed that the deposition of George Schnurle would occur on May 10, 2014 commencing at 10:00 am in San Jose, California.  Plaintiffs also herein request to file a transcript (or portions of that transcript) as a supplemental pleading when that transcript becomes available.

DESCRIPTION" (Dkt 136) that they objected to the lack of formality (mingling of argument and fact) and responded only to material facts.

5. Because Defendants failed to follow proper form, Rule DUCivR 56-1(b) is inapplicable to the facts Defendants listed in Section III of their Motion.

6. Plaintiffs objected to Defendants failure to follow the required format, but never the less included a nonconventional Section in their opposition called "Précis" specifically to satisfy Plaintiffs' Rule 7 requirements to discuss material facts.

7. In their current "DEFENDANTS' REPLY IN SUPPORT OF CLAIM CONSTRUCTION BRIEF AND MOTIONS FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON INDEFINITENESS AND WRITTEN DESCRIPTION" (Dkt. 215, "Reply"), Defendants for the first time have stated a cognizable legal element related to a material fact concerning the earliest priority date of the '500 patent.

8. To the extent that Defendants' Reply for the first time raises a material element as required by DUCivR 56-1(b) as to their nonconventional allegations in paragraphs number 6-8 of Section III of their Motion, that "[i]n this litigation, Plaintiffs assert that Claims 1 and 6 of the '695 patent (and all dependent claims) are entitled to the priority date of the '272 application … [t]he '993 patent claims priority to the '272 application … (and all dependent claims) are entitled to the priority date of the '272 application." (Dkt. 131, pg. 5 of 12) - Plaintiffs admit and do not dispute.

9. Also In their current response (Dkt. 215) for the first time, however, Defendants are asserting that the "earliest" priority date of the '272 application is August 1, 2000. Plaintiffs Deny. The '272 application claims and is entitled to an earlier priority date of the related

provisional application <u>at latest</u> of June 30, 2000 and Swearing Behind a Reference — Affidavit or Declaration Under 37 CFR 1.131(a) a <u>latest</u> propriety date of June 8, 2000. Should a re-examination of the patent ever come of issue, Plaintiffs do not herein waive any of the Patentee (James Driessen's) rights to make or submit any additional proof under 37 CFR 1.131(a) as to any earlier priority date available to patented invention applied for prior to September 16, 2012.

**RELIEF SOUGHT**

10. Plaintiffs request the portion(s) of Defendants' Reply Memorandum that assert a completely new basis for the relief requested shall be stricken, or in the alternative, that Plaintiffs may be given leave of court to file a Sur-Reply to Defendants new grounds asserted.

Respectfully submitted this 25th day of April, 2014.

BY   /s/James L. Driessen_____
     For James and Marguerite Driessen, Plaintiffs, Pro Se

---

NOTICE OF ELECTRONIC FILING
ECF will electronically transmit the Notice of Electronic Filing of PLAINTIFFS JOINT MOTION TO STRIKE NEW GROUNDS FOR RELIEF MADE IN A REPLY MEMORANDUM OR REQUEST SUR-REPLY IN THE ALTERNATIVE
RE: DEFENDANTS' REPLY IN SUPPORT OF CLAIM CONSTRUCTION BRIEF AND MOTIONS FOR SUMMARY JUDGMENT OF INVALIDITY BASED ON INDEFINITENESS AND WRITTEN DESCRIPTION to the attorneys and parties in the case who have registered for e-filing with the Court.

   /s/James L. Driessen_____