IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| JAMES L. DRIESSEN, MARGUERITE A. DRIESSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>SONY MUSIC ENTERTAINMENT, et al.,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION AND GRANTING DEFENDANTS' MOTION FOR ENTRY OF FINAL JUDGMENT**<br><br>Case No. 2:09-cv-0140-CW<br><br>Judge Clark Waddoups |

## INTRODUCTION

At oral argument on May 15, 2014, the court circulated a tentative "Proposed Order on Limited Claim Construction for Purpose of Re-Noticed Motions for Summary Judgment" and invited the parties to address the Proposed Order in further oral argument at that hearing. The Proposed Order was in some respects beneficial to Plaintiffs' posture on summary judgment. After further oral argument directly addressing the content of the Proposed Order, the court took the matter under advisement. The court then carefully reevaluated the Plaintiffs' patents and arguments in their entirety and carefully reviewed the applicable legal standards and various arguments in both parties' many briefs and at oral argument.

On March 10, 2015, the court issued its Memorandum Decision & Order on this limited claim construction process and on Defendants' renoticed Motions for Summary Judgment. (Dkt. No. 228.) The Order noted the intervening decision by the United States Supreme Court in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120 (as corrected June 10, 2014) and found

1

that it was controlling for Defendants' Motion for Summary Judgment of Invalidity Based on Indefiniteness. The court then exhaustively analyzed Plaintiffs' patents and legal arguments in light of controlling legal standards and precedents in a 26 page Memorandum Decision, providing lengthy explanation for deviating from its Proposed Order circulated as a tentative ruling during the hearing.

Plaintiffs subsequently filed a "Rule 46 Objection". (Dkt. No. 229.) As noted in the court's Order dated March 25, 2015, this filing is in substance a Motion for Reconsideration under Rule 54(b) of the Federal Rules of Civil Procedure in which Plaintiffs argue

> that the court failed "to acknowledge several important structures and materials disclosed in the patent documents" possibly because of "bias naturally resulting from a 6-year focus only on patent invalidity in an attempt to dispense with bothersome litigation" (Dkt. No. 229, at 2), to explain its decision not to enter the Proposed Order circulated at the hearing and instead construe the claims as in the Memorandum Decision and Order (*id.* at 4-6), to distinguish between "retrieving" and "receiving" in construing the means-plus-function claim limitation (*id.* at 6-7), to understand the audience of the patent and the drafter's "intended meaning" and thus having "considerable confusion regarding the meaning of and relationship between paragraphs 1, 2, and 6 of section 112" (*id.* at 8-9), and to consider written description for the terms at issue in Claim 10 of the '500 Patent possibly due to not having a "word processor with which to perform a simple word search" (*id.* at 10-13). In sum, it is argued that the court employed "absurd" "circular logic" and committed "grievous error" in its claim construction (*id.* at 12-13).

(Order for Briefing on Pls.' Rule 46 Objection 1-2 [Dkt. No. 229].) The court invited the parties to brief the issues Plaintiffs raised in this filing. Plaintiffs then also moved to amend their "Rule 46 Objection" to style it as a Motion to Alter or Amend Judgment under Rule 59(e) of the Federal Rules of Civil Procedure. (Dkt. No. 236.)

Defendants succinctly analyzed Plaintiffs' motion in their Response (Dkt. No. 237), arguing persuasively several concrete reasons why the court's Memorandum Decision & Order

dated March 10, 2015 was not in error and urging the court to enter final judgment. Defendants also separately moved for entry of final judgment under Rule 58(a). (Dkt. No. 232.)

The court has carefully reviewed Plaintiffs' "Rule 46 Objection" together with its related briefing and its own previous Orders in this case, in particular its Memorandum Decision & Order dated March 10, 2015 (Dkt. No. 228), to which Plaintiffs are taking exception. The court finds no merit to the Motion for Reconsideration.

## DISCUSSION

Although motions for reconsideration are not specifically provided for under the Federal Rules of Civil Procedure, courts entertain them under Rule 54(b), if they relate to an interlocutory order, or under Rule 60(b), if they relate to a final order. *See Raytheon Constructors v. Asarco Inc.*, 368 F.3d 1214, 1217 (10th Cir. 2003). It is well established that "a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). But the Tenth Circuit has also affirmed that "revisiting" issues in a motion for reconsideration that have already been addressed in the initial briefing "is not the purpose of a motion to reconsider"; more importantly, "advancing new arguments or supporting facts which were otherwise available for presentation when the original . . . motion was briefed" is "inappropriate." *Van Skiver v. United States*, 952 F.2d 1241, 1242-44 (10th Cir. 1991) (internal quotation marks and citations omitted).

In *Van Skiver*, the Tenth Circuit did not address the merits of the motion to reconsider because the moving party had failed to demonstrate any basis for relief under Rule 60(b) of the Federal Rules of Civil Procedure. *Id.* "Relief under Rule 60(b) is discretionary and is warranted only in exceptional circumstances" such as those listed in Rule 60(b). *Id.* (quoting *Bud Brooks*

*Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990)). The same standard applies to relief sought under Rule 54(b), including the following criteria by which the relief sought is measured: "Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete*, 204 F.3d at 1012. "Motions to reconsider are not to be used as a second chance when a party has failed to present its strongest case in the first instance." *Sec. Serv. Fed. Credit Union v. First Am. Mortgage Funding, LLC*, 906 F. Supp. 2d 1108, 1111 (D. Colo. 2012), *overruled on unrelated grounds in Sec. Serv. FCU v. First Am. Mortg. Funding, LLC*, 771 F.3d 1242 (10th Cir. 2014).

The court has carefully considered all of Plaintiffs' arguments throughout six years of briefings and hearings in this lawsuit. As noted in its Order dated March 25, 2015, the court has been "mindful of Plaintiffs' decision to represent themselves *pro se*" and has frequently communicated that it has wished "Plaintiffs to be adequately heard on their patent claims"; in fact, "the court has allowed Plaintiffs to amend their Complaint three times and has solicitously entertained a previous 'Rule 46 Objection' from Plaintiffs (*see* Dkt. Nos. 172, 173, 177, and 184)." Upon review of Plaintiffs' current motion for reconsideration and further review of its Memorandum Decision & Order dated March 10, 2015, the court agrees with Defendants that it has not committed clear error on any point of its ruling. To the contrary, Plaintiffs' Rule 46 Objection merely "revisits" the same issues that were exhaustively briefed and argued at oral argument, which the Tenth Circuit has held "is not the purpose of a motion to reconsider." *Van Skiver*, 952 F.2d at 1243.

The *Van Skiver* Court focused on the possibility that a post-ruling change in law could potentially justify a motion for reconsideration under the grounds listed in Rule 60(b), in

particular under Rule 60(b)(6), which provides that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." *Van Skiver* noted that this provision has been characterized by the Tenth Circuit as "a 'grand reservoir of equitable power to do justice in a particular case.'" *Id.* at 1244 (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc)). It has been interpreted to allude to legal error arising from a post-judgment change in law, as in *Pierce*. *Id.*

Here, the court specifically accounted for the primary relevant change in law that had occurred between oral argument and the issuance of the Memorandum Decision & Order—the United States Supreme Court's decision in *Nautilus, Inc. v. Biosig Instruments, Inc.*, 134 S. Ct. 2120. The court thoroughly analyzed that decision and its application to the patents at issue in Plaintiffs' lawsuit. Having now reviewed in detail its Memorandum Decision & Order dated March 10, 2015, the court finds that it correctly applied *Nautilus* and the substantial surviving Federal Circuit precedent preceding it to Plaintiffs' patent claims. Plaintiffs have presented no "post-judgment change in law" that has "arise[n] in a related case"; accordingly, the motion for reconsideration is not well taken. *Van Skiver*, 952 F.2d at 1245. The court therefore DENIES Plaintiffs' "Rule 46 Objection".

Despite Plaintiffs' motion for reconsideration and their continued arguments in favor of it in their Reply brief (Dkt. No. 238), Plaintiffs nevertheless appear to join Defendants' request to make the judgment final because they would like it to be ripe for appeal. Plaintiffs close their Reply brief as follows: "Plaintiffs now ask that the court to enter [sic] final judgment based on the Order [dated March 10, 2015]." (Pls.' Reply 8 [Dkt. No. 238].) The court agrees that it is now appropriate to do so quoting Defendants' summary of the outcome of the March 10, 2015 Memorandum Decision & Order:

> The Court's decision invalidated each asserted claim of the three patents in this case (U.S. Patent Nos. 7,003,500; 7,636,695; and 7,742,993). As the Court noted in its decision, Claims 8 and 9 of the '500 patent were not put at issue by Defendants' motions for summary judgment. This was so because Claims 8 and 9 of the '500 patent were not identified as asserted claims in the TAC or at anytime during the pendency of this case. Thus, each of Plaintiffs causes of action based on the '500, '695, and '993 patents have been disposed of and Plaintiffs have no other causes of action.
>
> Any counterclaims by Defendants (none have been filed at this time) were rendered moot by the Court's March 10, 2014 decision. Accordingly, the Court's March 10, 2014 decision resolved all the causes of action in this case and entry of final judgment is proper.

(Defs.' Mot. Entry Final Judgment 2 [Dkt. No. 232].) The court agrees that its March 10, 2015 Memorandum Decision & Order disposed of all of Plaintiffs' claims and that "Plaintiffs have no other causes of action." Accordingly, the Memorandum Decision & Order dated March 10, 2015 "denies all relief" to Plaintiffs as required of a final judgment under Rule 58(b)(1)(C). Defendants have brought no counterclaims. This case is therefore closed and, upon entry of final judgment by the Clerk of Court, will be ripe for appeal in the discretion of the parties and in compliance with all rules governing such an appeal.

## **CONCLUSION**

For the reasons discussed above, the court DENIES Plaintiffs' motion for reconsideration filed as a "Rule 46 Objection" and GRANTS Defendants request to clarify that it has denied Plaintiffs all relief in its Memorandum Decision & Order dated March 10, 2015. This case is closed.

SO ORDERED this 19th day of August, 2015.

                            BY THE COURT:

                            _____
                            Clark Waddoups
                            United States District Court Judge